· PAINE and Another *v.* DOE, on the Demise of GRIFFIN.

A voluntary conveyance of real estate cannot be impeached by proof of the          | 7b 485 |
verbal or written declarations of the grantor, made subsequently to its exe-       | 136 686 |
cution.

Such conveyance, if made *bona fide*, is valid against a subsequent purchaser
· *with notice.*

That a person was deeply involved in debt when he executed a voluntary con-
veyance of land, is strong evidence that the conveyance was made to defraud
subsequent purchasers.

ERROR to the *Jefferson* Circuit Court.                          *Friday,*
                                                                 *July* 25.
BLACKFORD, J.—This was an action of ejectment against
*Paine* and another for a certain half lot of ground in *Madi-
son.* Plea, not· guilty. The cause was submitted to the
Court.

The facts are as follows: In 1824, one *Charles Griffin*
being the owner in fee of the premises in question, conveyed
the same to his infant son, the lessor of the plaintiff, in con-
sideration of natural love and affection. The conveyance
was recorded a few days after its execution. The grantor,
at the time he executed this conveyance, was deeply involved
in debt, and was frequently sued and imprisoned for his debts.
One of the objects of the conveyance was to secure the pro-
perty from the claims of his creditors. In 1827, the said
grantor, *Charles Griffin*, sold and conveyed the said premi-
ses, for a valuable consideration, to one *Loring*, from whom
the defendants derive their title.

The defendants offered as evidence a memorandum, made
a few days after the voluntary deed was recorded, on the
margin of the record of that deed, as follows: "I hereby de-
-clare this deed to be null and void, as the same was made
without consideration and for the purpose of securing my lot

against creditors." The plaintiff objected to this evidence, and the objection was sustained.

The Court gave judgment for the plaintiff, and overruled the defendants' motion for a new trial.

One error assigned is, that the evidence rejected should have been admitted. We think the Court was right in rejecting the memorandum as evidence. The grantor who made it was interested in having the voluntary deed previously executed set aside. His verbal or written declarations, therefore, made subsequently to its execution, ought not to be received to affect the title of the voluntary grantee.

The other error assigned is, that a new trial was improperly refused.

Whether the voluntary deed was void or not as to a subsequent purchaser for valuable consideration with notice? was the question to be decided.

There are *English* cases in which it is held that a *voluntary* conveyance is in all cases void, under the statute of 27 of Eliz., in regard to a subsequent purchaser for value. The correctness of those cases has however been frequently questioned. Sir *William Grant* says, "It must, I conceive, be assumed, that the statute of the 27th of Elizabeth has now received this construction; that a voluntary settlement, however free from actual fraud, is, by the operation of that statute, deemed fraudulent and void against a subsequent purchaser for a valuable consideration, even when the purchase has been made with notice of the prior voluntary settlement. I have great difficulty to persuade myself, that the words of the statute warranted, or that the purpose of it required, such a construction: for it is not easy to conceive how a purchaser can be defrauded by a settlement, of which he has notice before he makes his purchase. But it is essential to the security of property that the rule should be adhered to, when settled; whatever doubt there may be as to the grounds on which it originally stood." *Buckle* v. *Mitchell*, 18 Vesey, 100.

The Supreme Court of the *United States* has refused to recognize the decisions establishing the absolute conclusiveness of a subsequent sale to fix fraud on a voluntary conveyance. The language of Chief Justice *Marshall* is as follows:

"The universally received doctrine of that day" (time of the *American* revolution) "unquestionably went as far as this: A subsequent sale, *without notice*, by a person who had made a settlement not on valuable consideration, was presumptive evidence of fraud; which threw on those claiming under such settlement the burthen of proving that it was made *bona fide*. This principle, therefore, according to the uniform course of. this Court, must be adopted in construing the statute of 27 Eliz. as it applies to this case." *Cathcart* v. *Robinson*, 5 Pet. 264, 280.

It has been held by this Court, that a subsequent purchaser for value, *with notice* of a prior voluntary conveyance, is not protected by the statute of 1838. *Stanley* v. *Brannon*, 6 Blackf. 193.—*M'Neely* v. *Rucker*, *Id*. 391 (1.)

There is an important feature, however, in the case before us, which did not belong to the former cases in this Court; that is, the great indebtedness of the grantor when he executed the voluntary conveyance. We think that indebtedness is very strong evidence, that the voluntary conveyance was made to defraud not only creditors but subsequent purchasers also. It was said by Lord *Mansfield*, in a suit like the present, between a voluntary grantee and a subsequent purchaser, that "one great circumstance, which should always be attended to in these transactions, is, whether the person was indebted at the time he made the settlement: *if he was, it is a strong badge of fraud.*" *Doe* v. *Routledge*, Cowp. 705.

It is our opinion, therefore, that the facts of the case are decidedly in favour of the defendants; and that they ought to have a new trial.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*S. C. Stevens*, for the plaintiffs.

*C. Cushing*, for the defendant.

(1) *Vide* R. S. 1843, pp. 591, 592.