Williams et al. *v.* Perry et al.

*Per Curiam.*—The judgment below is affirmed, with costs, and 1 per cent. damages.

*Thomas A. Hendricks* and *Geo. C. Clark,* for the appellant.

*Torbet & Reid,* for the appellee.

———————

Williams *et al. v.* Perry *et al.*

MORTGAGE—FORECLOSURE.—Where several persons make a joint purchase of real estate, and execute joint notes and mortgage to secure the payment of the purchase money, and then make partition of the mortgaged property, and then all of them, but one, pay their respective proportions of the mortgage debt, and the mortgagee forecloses the mortgage, the remaining part of the purchase money is, in equity, the separate debt of the person so failing to to pay his proportion, and the Court should therefore direct that, in the collection of the same, his part of the mortgaged premises shall be first sold to pay the same, and the other parts in the event of a deficiency.

APPEAL from the *Madison* Circuit Court.

DAVISON, J.—This was an action by *James Perry* against *James Dickson, Stephen Pierson, George Bowen, William Crim, James Hazlett* and *Addison Williams,* to foreclose a mortgage on lot No. 3 in the south front of the town of *Anderson.* The mortgage bears date *July* 14th, 1856, and was executed by the defendants, *Dickson, Crim, Pierson, Hazlett* and *Bowen*

to one *James Woods* to secure the payment of three notes, each for 325 dollars, and payable, one note at twelve, one at eighteen, and one at twenty-four months. *Woods*, by indorsement, assigned the notes and mortgage to the plaintiff. The record shows that the defendants, at the time they executed the mortgage jointly, purchased of *Woods* the lot therein described, received from him a deed in fee, gave the notes for the purchase money, and executed to him the mortgage in suit to secure the payment of the notes; that afterwards the defendants, *Dickson*, *Crim*, *Pierson*, *Hazlett* and *Bowen*, agreed verbally to make partition of the lot, and in pursuance of that agreement assigned to *Pierson* the east half of the east half thereof; to *Crim* and *Hazlett* the west half of the east half; to *Bowen* the east half of the west half, and to *Dickson* the west half of the west half; and further, it was agreed that the parties should execute to each other quit-claim deeds for their respective parcels so assigned to them; that *Pierson*, having taken possession of his part of the lot, and erected a brick business house thereon, afterwards sold it to the defendant, *Williams*, who paid the purchase money; and they, *Dickson*, *Crim*, *Pierson*, *Hazlett* and *Bowen*, the title to the entire lot still being in them, executed to him, for the part so purchased of *Pierson*, a deed in fee, with covenants of warranty. It appeared in evidence that, prior to institution of this suit, three-fourths of the amount of the notes and mortgage had been paid to the plaintiff, as follows: *Crim* and *Hazlett* had paid one-fourth; *Dickson* one-fourth, and *Bowen* one-fourth; that *Pierson* had failed to pay any part thereof, and that the residue, being the one-fourth of said amount, remained due and unpaid.

Upon final hearing it was adjudged by the Court that the mortgage be foreclosed; that, for the payment of the amount due, &c., the mortgaged premises be exposed to sale, &c.; that the sheriff, in making the sale, first offer the "east half

of the east half" of said lot as set off to *Pierson*, and by him sold to *Williams;* and that by a failure of a sale of said "east half of the east half" to realize a sufficient amount to pay, &c., then the residue of the premises, or so much thereof as may be sufficient, &c., be sold, &c.

The defendant, *Williams*, moved for a new trial; but this motion was overruled. He appeals to this Court.

The order, so far as it directs the portion of the lot "set off to *Pierson* and by him sold to *Williams*," to be first offered, is said to be erroneous. We think otherwise. The several owners of the residue of the lot having each paid one-fourth of the purchase money, the remaining one-fourth was, in equity, the debt of *Pierson;* and, as his debt, it was properly chargeable on the portion set off to him. As contended, it may be true that *Williams*, having purchased of *Pierson*, and received from the several owners of the mortgaged premises a deed "with covenants of warranty," could recover on these covenants; but, in this Court, he is not entitled to that defence. The mortgage, being duly on record, he must be presumed to have had notice of the lien, and, to obviate a suit on the mortgage, he might have paid off the incumbrance, and then have relied on the covenants of the deed for re-payment, &c. But the mortgagee, having been compelled to resort to his action to foreclose, there seems to be no reason why the order of the Court as it stands should be held objectionable.

*Per Curiam.*—The judgment is affirmed, with costs.

*W. R. Pierce*, for the appellants.

*Walter March*, for the appellee.