Aiken et al. *v.* Bruen et al.

AIKEN *et al. v.* BRUEN *et al.*

21 137
129 599
21 137
140 147
142 260
142 328

ESTATE MORTGAGED—SOLD IN PARTS AT DIFFERENT TIMES.—Where the mortgagor sells portions of the land at different times, the several parcels will be liable under the mortgage in the inverse order of such sales.

VOLUNTARY CONVEYANCE.—A voluntary conveyance is good against a subsequent grantee with notice, and especially where the voluntary grantee has conveyed to a *bona fide* purchaser.

CONSIDERATION—PRE-EXISTING DEBT.—A pre-existing debt is a valuable consideration to support a conveyance.

PRACTICE IN SUPREME COURT.—It is too late to object, for the first time, to the form of demurrers, in this Court. Objections should first be made below.

PRACTICE—WAIVER.—Where a party amends, after a demurrer to his pleading has been sustained, he waives all error in the action of the Court upon the demurrer.

PRACTICE—DEMURRER.—The objection of a former action pending, can not be raised upon a demurrer, assigning for cause want of sufficient facts, but is itself a distinct cause of demurrer, and such objection can not be made, for the first time, in this Court.

PRACTICE.—Where the parties to an action, in the progress of a cause, agree in writing, that the Court shall propound special interrogatories to the jury, to be answered by them, touching certain facts, and such interrogatories are propounded, without objection, and the jury retire, and the parties then further agree that the jury may return their verdict to the Clerk, in the absence of the Court and counsel, and, if their verdict should be defective, they may "be recalled, and required to make a complete finding to said interrogatories," it is too late to object to the interrogatories.

PRACTICE—AMENDMENT.—It is too late, after verdict, to materially amend the pleadings in a cause.

PRACTICE—NEW TRIALS.—A Court is not bound to grant a new trial, although both parties desire it.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—On the 16th day of *November,* 1859, *Luther B.*

*Brady* executed notes to *Samuel Brady* to the amount of 15,000 dollars, and a mortgage on certain real estate, to secure payment of them. The mortgage was duly recorded on the 17th of *November*, 1859. Afterwards, said *Luther* conveyed one-third of the equity of redemption of the mortgaged premises to *John M. Aiken;* one-third to *James J. Russell,* and one-third to *W. S. Addleman.* Afterwards, said *Samuel Brady* assigned to divers persons the 15,000 dollars of notes, secured by the mortgage above mentioned, about 3,000 dollars of which were assigned to *Luther B. Bruen.* The notes assigned to *Bruen* became due, and he filed a complaint for foreclosure of the mortgage. He alleges that the other notes secured by the mortgage are all paid.

He makes defendants to his complaint *Luther B. Brady,* the maker, and twelve other persons, assignees, severally, of some part of the 15,000 dollars of notes, or grantees of some part of the equity of redemption, or interested in it as security for claims held, &c.

*Luther B. Brady,* the maker of the notes and mortgage, does not set up a defence; nor does any holder of any part of the 15,000 dollars of *Luther B. Brady's* notes. *Aiken* and *Russell,* grantees, subject to the first mortgage, executed to *Samuel Brady,* and now held by the plaintiff, *Bruen,* defend; and so do certain other persons, who are interested through *Aiken,* thus: After he received from *Luther B. Brady* a conveyance of one-third of the equity of redemption, he mortgaged that third to *Samuel Brady,* to secure certain notes, now in the hands of assignees, who look to the mortgaged premises as a fund for the payment of those notes.

The defendants, then, may be said to be all second mortgagees, who are interested in defeating the first mortgage, that the second may be let in as a lien upon the entire interest in the property.

In addition to the defence against the plaintiff, common to

Aiken et al. *v.* Bruen et al.

all the defendants, a question is raised between the defendants themselves. It is claimed, by the first and second purchasers of parts of the equity of redemption, as against the third, that if there is a foreclosure and sale upon the original mortgage, the sale shall be of the several parts sold to different purchasers separately, in the inverse order of the times of sale to those purchasers; such is the law. *Day* v. *Patterson*, 18 Ind. 114; *Williams* v. *Perry*, 20 *id.* 437; *Brown* v. *Simons*, 12 Am. Law Reg. 154.

The principal defence set up by the second mortgagees to the first mortgage was, that it was given without consideration. This defence the Court below held invalid. The law is settled in this State, that a voluntary conveyance is good against a subsequent grantee with notice; and especially is this the case, where the voluntary grantee has conveyed to a *bona fide* purchaser. In the case at bar, conceding the mortgage to have been executed without consideration, it has passed to a *bona fide* holder; and his equity is surely superior to a subsequent purchaser or mortgagee with notice. There was notice in this case, as the voluntary mortgage, supposing it to have been such, was duly recorded on the day after its execution. *Paine* v. *Doe*, 7 Blackf. 485. Suppose one to apply to another to borrow money, and to say, I will secure you by a second mortgage on a piece of property. I am going to make a voluntary mortgage to a friend for 1,000 dollars, which he may sell and raise money on. I wish to aid him that much, and his will be the first mortgage. Now, the person applied to on such facts, loans his money, and takes the second mortgage. By what equity can he be allowed, afterwards, to come in and defeat the first? He could not, if it was void for usury. Why, then, should he be allowed to in the case at bar? *Borum* v. *Fouts*, 15 Ind. 50. It is settled law in *Indiana*, that a pre-existing debt is a valuable consid-

eration to support a conveyance.    *Work* v. *Brayton*, 5 Ind. 396.

The form of the demurrer to the answer, upon which the foregoing questions were raised and decided, is objected to in this Court, though no objection of the kind appears to have been taken below.    There was no motion to reject the demurrer, nor to require it to be made more definite.    Its form was as follows:

"The plaintiff comes and demurs severally to each of the following paragraphs of the answer of *Aiken, Russell* and *Poe*, viz: the 2d, 3d, 4th, 5th, 6th, 7th, 8th, 9th, 10th, 11th and 12th, and for cause says that said paragraphs are severally insufficient to constitute a defence to the action."

The demurrer must be taken as a separate demurrer to each paragraph; *Parker* v. *Thomas*, 19 Ind. 212; *Fankboner* v. *Fankboner*, 20 *id.* 62; but we think it did not substantially conform to the statute.    *Tenbrook* v. *Brown*, 17 Ind. 410.    If the counsel had assigned for cause, that the paragraphs, severally, did not contain facts sufficient to constitute a defence, he would have added but little to his labor in drafting the demurrer, and relieved himself from considerable in answering objections to the demurrer as drawn.    But, notwith standing the demurrer was defective in form, it is too late for the appellant to obtain any advantage from that fact, in this case, as it now stands.

The record informs us that the demurrer was submitted to the Court; that the Court sustained it as to 9, and overruled it as to 3 paragraphs of the answer; that leave was granted to the defendants to amend their answer, and that afterward said defendants filed their separate amended answers, on which, it appears, issues were formed and tried, &c.

Now, so far as the Court overruled the demurrer, it did right, both because the demurrer was informal, and the paragraphs of the answer good; and, so far as it sustained the

Aiken et al. *v.* Bruen et al.

demurrer, the defendants were not injured, if the paragraphs of the answer were bad, which they probably were; but in addition to this, it is well settled in this State, that where a party amends, after a demurrer to his pleading has been sustained, he waives error in the action of the Court upon the demurrer. *Caldwell* v. *The Bank of Salem*, 20 Ind. 294.

The answer of a part of the defendants to this suit, showed that they had a suit already pending upon the second notes and mortgage; but there was no replication in abatement, no demurrer, nor objection of any kind, on that ground. The objection of a former action pending could not be raised upon a demurrer, assigning for cause want of sufficient facts; and, hence, where the objection was not taken by demurrer, or plea, it could not be first raised upon appeal. Another action pending is, of itself, a separate, distinct cause of demurrer, by statute. It is not an objection going to jurisdiction, or the foundation of the action or defence. Hence, it can not be first raised on appeal.

The Court correctly suppressed a part of a deposition containing hearsay evidence, and refused to suppress parts of certain depositions, but the bill of exceptions does not inform us what parts, nor what the objections were to any parts, and the Clerk is not authorized to speak for the Court on such points. During the trial, the following agreement was executed and made a part of the record:

"It is agreed, by and between all the parties in this cause, that the Court shall propound to the jury interrogatories, as to certain material questions of fact in dispute, under the various issues, which have been drawn up by the Court; that, after the jury shall have returned a verdict in answer to said interrogatories, the Court shall take the facts so found as true, and, from the evidence and admissions of the parties, as to other questions involved in the issues, including all cal-

Aiken et al. *v.* Bruen et al.

culations as to amounts and interest, shall make such general finding of law and fact, as by the Court shall be deemed proper, saving to the parties all exceptions of errors of law or fact in the case.

"SIDDALL & PERRY, for plaintiffs.

"JOHN F. KIBBEY, for *Keeper,* &c.

"BICKLE & BURCHENAL, for *Aiken* and *Russell.*

"LEWIS D. STUBBS, for *W. & E. Sinix* and *A. F. Scott.*"

The Court accordingly propounded two series of interrogatories, each consisting of some five or six in number, to the jury. No exception was taken to them, and no request for any in addition. And, "after the jury had retired for deliberation, it being *Saturday* evening, it was agreed between the parties to the suit, that the jury might return their verdict to the clerk in the absence of the Court and counsel, and if said verdict should be found in any way defective, the jury should be recalled, and required to make a complete finding to said interrogatories;" thus again assenting to the interrogatories as drawn and given to the jury.

We think it was too late, after a return of the finding of the jury, to object, for the first time, to the interrogatories. It was also too late, after verdict, to materially amend the pleadings, and mere formal amendments may be regarded here as made.

The plaintiff moved for a new trial; the defendants conditionally assented to it; the plaintiff withdrew his motion; the defendants moved for a new trial; the Court overruled the motion. The Court was not bound to grant a new trial, even though both parties were willing for it. If the Court was satisfied with the trial had, it was not bound to waste its time in witnessing voluntary contests of the parties in the judicial forum or elsewhere. The third interrogatory propounded by the Court was as follows:

Aiken et al. *v.* Bruen et al.

"3. At the time *Brady* sold and conveyed the *Quaker City Works* to the defendant, *Russell*, (*February* 7th, 1860,) did *Samuel Brady* state to *Russell*, as an inducement to the purchase, that he then held, or had the control of, the notes sued on by the plaintiff, (2,100 dollars,) and that they should not be a lien on said property, but that said property so sold to *Russell* should be discharged therefrom?"

The answer was as follows:

"*Samuel Brady* stated to *Russell*, as an inducement to purchase, that he then had the control of the notes sued on by the plaintiff; and the notes, amounting to 2,100 dollars, should be discharged therefrom."

We think the answer substantially responds to the interrogatory. The Court could scarcely misapprehend its meaning and effect.

Objections are made to the amount and terms of the judgment, which is special, in the form of an old decree in chancery. We think we can not pass upon these objections. The agreement of the parties, above copied, was, that the Court should make up its judgment from:

1. The answers of the jury.

2. The evidence given in the cause.

3. "The admissions of the parties as to other questions involved in the issues, including all calculations as to amounts and interest."

Now, there is nothing in the record showing what was before the Court under this third specification. Hence, we can not review its action. We must presume the facts before the Court justified the judgment upon the several issues. The final judgment, is, therefore, affirmed, with 1 per cent. damages and costs.

*Per Curiam.*—The judgment is affirmed accordingly.

*Wm. A. Bickle* and *Chas. H. Burchenal*, for the appellants.
*J. Perry* and *J. P. Siddall*, for the appellees.