Alsop and Others *v.* Hutchings and Others.

PRACTICE.—Where a written instrument is the foundation of a pleading, the original or a copy must be filed with the pleading.

MORTGAGE.—A purchased of B a tract of land subject to a mortgage made by B to C. Afterward A mortgaged a part of the land to D, and then.

sold the residue to E. C, the original mortgagee, released the land sold to E from the lien of his mortgage, the same then being of a value greater than the mortgage debt due to C.

*Held*, that D had an equity that the land sold to E should be first subjected to the payment of C's mortgage, and as C, by releasing the lien of the mortgage, deprived D of this equity, he must stand the loss.

APPEAL from the *Clark* Circuit Court.

GREGORY, J.—*Eusebius Hutchings* filed his complaint in the court below against *The Commercial Bank of New Orleans*, and some twenty-six other parties. The object of the proceedings was to enjoin the bank and *James M. Alsop*, her assignee, from enforcing a decree of foreclosure against *Sidney S. Lyon* and *Henry Hoskins*. The record is very complicated, but the material facts necessary to be noticed in the determination of the errors and cross-errors assigned are, that in 1851 *Lyon* mortgaged to the bank 227 acres of land in *Clark* county, to secure a debt from him to the latter. In 1852, *Lyon* sold and conveyed to *Henry Hoskins* all the land except about thirty-one acres, the latter assuming to pay the debt of the former to the bank. On the 12th of *January*, 1853, *Hoskins* mortgaged to the plaintiff some ninety-one acres of the land he had so purchased of *Lyon*. On the 12th of *December*, 1853, *Hoskins* sold and conveyed to *Jefferson* and *Thomas Conner* about forty-one acres of the land, not included in the mortgage to the plaintiff. On the same day the bank released to the *Conners* the land sold to them from the lien of her mortgage. The land released was, at the time, of a value more than sufficient to satisfy the mortgage debt of *Lyon* to the bank. In 1854, *Hoskins* sold and conveyed to *Very* about forty-one acres of the land embraced in the mortgage to the plaintiff. In *March,* 1855, the plaintiff sued *Hoskins* and *Very* in the *Clark* Circuit Court on his note and mortgage. *Very* died during the pendency of the suit, and his heirs were made parties defendant. There was a decree of foreclosure, and the land mortgaged to the plaintiff by *Hoskins* was sold, under the decree, to *Ripley*, and afterward conveyed to the plaintiff. In

*October*, 1854, the bank sued *Lyon* in the *Clark* Circuit Court, and, by a subsequent amendment, *Hoskins* was made a defendant, and the complaint so amended as to make it a proceeding to foreclose the mortgage from *Lyon* to the bank. A final decree of foreclosure was obtained by the bank against *Lyon* and *Hoskins*. The bank admits in her complaint the release to the *Conners*. The assignee of the bank had caused to be issued, on the decree against *Lyon* and *Hoskins*, an order of sale, and was at the time these proceedings were commenced, proceeding to sell the mortgaged premises not released. *Henry Hoskins* died in 1859, leaving a widow, *Josephine R.*, who was his wife at the time of the execution of the mortgage to the plaintiff, and in which she did not join.

The heirs of *Very* file a cross-complaint, in which they seek to open the sale made on the decree of foreclosure in favor of the plaintiff against them, on the ground that the land did not sell for its real value owing to the cloud on the title, created by the outstanding mortgage to the bank from *Lyon*.

*Josephine R. Hoskins*, the widow of *Henry Hoskins*, filed her cross-complaint, in which she claims to be the owner in fee of one-third of the lands owned by her husband during coverture, and in the conveyance of which she did not join. Demurrers were sustained to these cross-complaints. The defendants answered by general denial, and some special paragraphs which need not be noticed. Trial by the court. Special findings. Motion for a new trial overruled. The evidence is not in the record.

The court below rendered a final decree "that the said *Commercial Bank* of *New Orleans*, said *James M. Alsop* and all other persons, be, and they are, hereby perpetually enjoined and restrained from any and all proceedings, by execution or order of sale upon said judgment aforesaid or otherwise, for the purpose of collecting said judgment or any part thereof, out of any of the lands aforesaid, or the property of said *Lyons;* and that the said plaintiff and all the defendants

herein, except said *Alsop,* the *Commercial Bank* aforesaid, and *Eliza Very,* and the other heirs of said *Lawrence Very,* deceased, do recover of said *James M. Alsop,* all their costs herein expended."

The bank, *Alsop* and the heirs of *Very* assign errors, which present most of the questions involved in this case.

It is urged that the court below erred in sustaining the demurrer to the cross-complaint of *Very's* heirs. We do not think so. The facts averred in the cross-complaint are not sufficient to entitle them to the relief sought. *The Commercial Bank of New Orleans* was not a necessary, or even a proper party to the plaintiffs' proceedings to foreclose his mortgage against *Hoskins.* The bank had the older lien and could not be affected by a decree and sale under the junior mortgage. The release of the bank to the *Conners* was of record at the time of the sale under the plaintiffs' decree and was notice to the world. There was nothing that, in any way, affected the sale which was not open alike to all. But how are *Very's* heirs injured by the decree? The court rendered a decree simply enjoining the sale of the mortgaged premises under the decree of the bank. This court could not reverse such a decree even if the court below erred in sustaining the demurrer to the cross-complaint. It is claimed that the complaint is bad for not setting out a copy of the proceedings of foreclosure of the mortgage from *Hoskins* to the plaintiff. The mortgage, and not the proceedings of foreclosure, was the foundation of his equity against the bank. A copy of the former is set out in the complaint, and this is all the code requires. It is contended that the deed from *Ripley* and wife to the plaintiff is not good, because the exhibit setting it forth does not show that it was acknowledged and recorded. This deed is not a necessary exhibit of the complaint; it is not the foundation of the action, and, as the evidence is not in the record, we do not know whether it is acknowledged and recorded or not. It has been held, however, by this court that a deed is good between the parties without being

acknowledged or recorded. *Hubble et al.* v. *Wright et al.*, 23 Ind. 322. The equity of the plaintiff in the judgment has been settled by this court in *Aikin et al.* v. *Bruen et al.*, 21 Ind. 137. It was held in that case, that where the mortgagor sells portions of the land at different times, the several parcels will be liable under the mortgage in the inverse order of such sales. We do not see how the fact that *Hoskins* assumed the payment of *Lyon's* debt to the bank, can affect the equity of the plaintiff. *Hoskins* purchased all the land except about thirty-one acres; he mortgaged a part of that purchased by him to the plaintiff, and afterward sold and conveyed to the *Conners* another portion, thus creating an equity in the plaintiff of having the latter part first subjected to the payment of the mortgage debt assumed by his grantor. The bank, by her release, deprived the plaintiff of his equity, and she must stand the loss.

*Josephine R. Hoskins* assigns for error that the court below erred in sustaining the plaintiff's demurrer to her cross-complaint, and an earnest brief is filed in her behalf.

We cannot see what right she has to complain of the judgment of the court below. How is she injured? Her husband, as a part of the purchase money of the land he purchased of *Lyon,* assumed to pay the debt of the latter to the bank. The court enjoins the bank from enforcing its judgment against *Lyon* and her husband. It may be that she has rights against the plaintiff, but if she has, we think that she could reach them without reversing a judgment which operates in her favor.

The judgment is affirmed, with costs.

FRAZER, C. J., was absent.

*J. Collins, N. B. Collins, J. H. Stotsenburg, T. M. Brown,* and *J. Reid,* for appellants.

*T. L. Smith, M. C. Kerr* and *T. W. Gibson,* for appellees.