Houston *et al.* *v.* Houston.

---◆---

HOUSTON ET AL. *v.* HOUSTON.

PRACTICE.—*Going to Trial without Issue on Answer.*— *Waiver.*—Though a defendant is not bound to go into trial until issue is joined upon the answer, yet, if he does, he thereby waives his right, and the answer is deemed to be in issue as by the general denial.

PRIORITY.—*Mortgage for Purchase-Money.—Previous Judgment.—Previous Mortgage.—Statute Construed.*—Section 4 of the act concerning mortgages, 2 R. S. 1876, p. 334, giving a mortgage for purchase-money priority over a previous judgment against the purchaser, does not give priority over previous mortgage liens.

SAME.—*Lien of Judgment may be Divested by Statute.*—The lien of a judgment is given. and may be destroyed or divested, by statute.

SAME.—*Previous Mortgage has Priority over one for. Purchase-Money.—Notice.*—If the vendor of real estate neglects to take a mortgage for unpaid purchase-money, until after the execution of a mortgage thereon to a third person for value and without notice, his mortgage for purchase-money is subject to the prior mortgage.

SAME.—*Foreclosure.—Decree.—Equities, inter se, of Subsequent Purchasers.*— Upon the foreclosure of a mortgage covering several distinct tracts of real .estate, part of which have been sold and conveyed, at different dates, to different purchasers, without any assumption by them of the mortgage debt, and without any agreement in relation thereto, the court should decree that the tract yet owned by the mortgagor be first sold, and that the tracts conveyed away by him be sold inversely as to the dates of their conveyance.

From the Lawrence Circuit Court.

*N. Crooke, G. Putnam, G. W. Friedley, A. C. Voris, G. Dunn, J. W. Buskirk* and *H. C. Duncan*, for appellants.

*F. Wilson* and *M. T. Dunn*, for appellee.

Howk, J.—This was a suit by the appellee, as plaintiff, to foreclose a certain mortgage executed to him on the 11th day of October, 1871, by Maria L. Houston and her husband, James L. Houston, then living but since dead, and by William H. Lane and his wife, Felicia C. Lane, and to collect the debt secured by said mortgage, and evidenced by the note of said William H. Lane and Maria L. Houston, of even date with the mortgage, and payable to the appellee.

This mortgage covered a tract of land, particularly described therein, in Lawrence county, Indiana, containing 380 acres. In his complaint, the appellee alleged that, at the date of his said mortgage, the mortgagors Maria L. Houston and William H. Lane were the owners in fee-

simple of said tract of land, containing 380 acres, and of two other tracts of land, particularly described, in said Lawrence county, one containing 7 $\frac{66}{100}$ acres, and the other containing one acre ; that afterward, on the — day of December, 1871, the said Maria L. Houston and her husband, and William H. Lane and his wife, executed a mortgage on said 380 acre tract, and said 7 $\frac{66}{100}$ acre tract, to one William Ragsdale, to secure certain notes executed to said mortgagee by said Maria L. and James L. Houston and said William H. Lane, which notes and mortgage had been assigned by said Ragsdale to Michael A. Malott and William C. Winstandley, by the name of Malott & Winstandley, who were then the owners thereof, and were made defendants to this action to answer as to their interest in the tract of land so mortgaged to the appellee ; that after the execution of the said two mortgages, to wit, on the 15th day of February, 1873, the said William H. Lane and his wife, by their deed of that date, sold and conveyed all their interest in the said three tracts of land to the defendant Maria L. Houston ; that afterward, on said last named day, the said Maria L. Houston and her said husband, by their deed of that date, sold and conveyed to the defendant Harry Bright 175 acres of land, particularly described, part and parcel of the said 380 acre tract, mortgaged as aforesaid to the appellee and afterward to said Ragsdale ; that the said Maria L. Houston and her husband, and said William H. Lane and his wife, conveyed the said 7 $\frac{66}{100}$ acre tract to said William Ragsdale, who conveyed the same to one Steven Younger, who conveyed the same to the defendant William Day, who then owned the same and was made a party to answer as to his interest ; and that the mortgage to the appellee was duly recorded in the recorder's office of said Lawrence county, and that his note secured thereby was due and unpaid. Wherefore, etc.

The defendants Malott and Winstandley answered by way of cross complaint, setting up therein the mortgage and notes mentioned in appellee's complaint, executed to William Ragsdale and assigned by him to them, alleging that the notes were due and unpaid, and praying judgment therefor and for the foreclosure of their said mortgage, and for the sale of the mortgaged premises, etc.

The defendant William Day separately answered, in five paragraphs, the cross complaint of Malott and Winstandley, of which the fifth paragraph was a general denial, and in each of the other four paragraphs, by way of cross complaint, he set up his title to the $7\frac{66}{100}$ acre tract of land, and prayed therein for affirmative relief.

The appellant Harry Bright separately answered in seven paragraphs, of which the fourth was a general denial of the appellee's complaint and of the cross complaint of Malott and Winstandley, and the fifth was a general denial of the answer and the cross complaint of the defendant William Day; and in each of the other paragraphs he stated special matters, and asked for affirmative relief.

The defendants Maria L. Houston and Felicia C. Lane each answered separately in two paragraphs, as follows :

1. A general denial ; and,

2. A plea of coverture, at the time the notes in suit were executed.

The cause was put at issue, and was tried by the court without a jury, and a finding was made for the appellee, for the amount due on his note, and for the foreclosure of his mortgage, and that the said mortgage was entitled to priority over the mortgage assigned to, and sued upon by, the defendants Malott and Winstandley; that the said $7\frac{66}{100}$ acre tract of land was, by mistake, included in the mortgage assigned to, and sued upon by, said Malott and Winstandley, but that they purchased said notes and mort-

gage, without any knowledge of such mistake, and that there was then due the said Malott and Winstandley a certain sum of money, and a further sum would be due them, under their said mortgage, on the 1st day of April, 1876. The court rendered judgment upon its finding, in favor of the appellee and of the said Malott and Winstandley, for the several amounts found due or to become due them respectively, and for the foreclosure of their said mortgages, and the sale of the mortgaged premises, and for the application of the proceeds of such sales, etc.

The appellant Harry Bright moved the court in writing to modify its decree and orders in certain specified particulars, which motion was overruled, and to this ruling he excepted. His motion for a new trial was also overruled, and to this decision he excepted.

From the judgment and decree of the court below, in this cause, the appellant Harry Bright has alone appealed, and has assigned in this court a large number of alleged errors. We need not set out, in this opinion, the errors thus assigned, as several of them have been expressly waived by the appellant's counsel, in his brief of this cause in this court. Without any special reference, therefore, to the appellant's assignment of errors, we will consider and decide such questions as his counsel has presented for our decision and discussed in his argument of this cause.

We may properly premise that the chief, if not the only, controversy in this cause was in relation to the equitable rights of the several owners of the several parcels of the mortgaged premises, and the priority of such rights, as between such owners. The existence of the mortgage debts was not called in question; but the controversy was in regard to the order in which the several parcels of the mortgaged premises should be sold to pay such debts, and the application of the proceeds of such sales respectively.

The first point made by counsel, on which he seems to

rely, is that the cause was tried below without issues having been joined by all the defendants upon the affirmative answers of their co-defendants, by filing replies thereto. If it be conceded that such replies ought to have been filed before the trial of the cause, yet it seems to us that the failure or omission of the parties to file such replies was a mere irregularity, and was certainly not an available error, for which the judgment below could or ought to be reversed. A defendant is not bound to go to trial until issue has been joined; but, if he does so, a reply is waived, and the answer will be deemed to have been controverted, as if by a reply in general denial. This has been the established rule, in this court, for many years, and we know of no reason for changing it. *Earnhart* v. *Robertson*, 10 Ind. 8; *Waugh* v. *Waugh*, 47 Ind. 580; *Purdue* v. *Stevenson*, 54 Ind. 161; *Bass* v. *Smith*, 61 Ind. 72.

The next question discussed by the appellant's attorney is one of more importance and of rather more difficulty. It relates to the priority of the two mortgages in suit, as between each other, the one in favor of the appellee, and the other in favor of said Malott and Winstandley, as the assignees of said William Ragsdale. The mortgage to the appellee, as we have seen, was executed on the 11th day of October, 1871, and it was recorded in the recorder's office of said Lawrence county, on the 25th day of October, 1871. The mortgage to William Ragsdale, and by him assigned to said Malott & Winstandley, was executed on the —— day of December, 1871, and was recorded in said recorder's office on the 18th day of December, 1871. The mortgagors in the two mortgages were the same. It appeared, however, on the face of the latter mortgage to William Ragsdale, that it had been executed to secure him in the payment of the unpaid purchase-money, for the real estate described in said mortgage, which was evidenced by three promissory notes, dated April 1st, 1871, each in the

sum of $1,141.25, and payable in two, three and four years after date, and by another note dated October 1st, 1871, for $1,696.00, payable four and one-half years after date; all of which notes were executed by the mortgagors, except the wife of William H. Lane, to the order of the mortgagee, William Ragsdale, and were by him assigned to said Malott & Winstandley.

It is insisted by the counsel of the appellant Harry Bright, that although the mortgage to Ragsdale was junior in time, by about two months, to the mortgage to the appellee Levi Houston, yet, as the Ragsdale mortgage was given to secure the payment of the unpaid purchase-money of the mortgaged premises, it would take precedence and would be entitled to priority over an older mortgage, executed by the same mortgagors, on the same premises, to secure an ordinary debt. In support of this position, the appellant's counsel rely entirely upon the provisions of section 4 of "An act concerning mortgages," approved May 4th, 1852, which section reads as follows:

"Sec. 4. A mortgage granted by a purchaser to secure purchase-money, shall have preference over a prior judgment against such purchaser." 2 R. S. 1876, p. 334.

The argument of counsel is, that because this section of the statute expressly postpones the lien of a prior judgment, and gives precedence and preference to a mortgage given to secure purchase-money, over such prior judgment, therefore it follows that a mortgage to secure purchase-money must have precedence and preference over prior liens against such purchaser, other than prior judgments. The argument is unsound, and the position is untenable. If the General Assembly desired to give a mortgage to secure purchase-money a precedence and preference over other liens than prior judgments, we can not and do not doubt but that they had sufficient command of the English language to express clearly their desire to

that effect. Then, again, the lien of a judgment upon the lands of the judgment debtor is entirely the creature of the statute, and is not dependent in any manner upon the contract of the parties. It begins, continues and terminates at the will of the Legislature. For the space of ten years after its rendition, a judgment is a lien upon real estate and chattels real, liable to execution, in the county where such judgment is rendered. 2 R. S. 1876, p. 233, sec. 527. The lien of the judgment would attach at once, without any act of the parties, upon all real estate and chattels real, liable to execution, acquired by the judgment defendant, in the proper county, after the rendition of the judgment, and therefore it was proper and right, and clearly within the power of the Legislature to provide that the purely statutory lien of a judgment should be postponed in favor of a mortgage given to secure purchase-money by the judgment-debtor and purchaser, upon the real estate purchased, and that such a mortgage should have preference over an older or prior judgment. This subject of the power of the Legislature over the lien of judgments was considered by this court, in the case of *Gimbel* v. *Stolte,* 59 Ind. 446, WORDEN, J., delivering the opinion, and it was then held, as we now hold, that, as this lien is given by statute, so also it might be destroyed or taken away by legislative action. If the Legislature may entirely destroy the lien of judgments, it is certain, we think, that the same law-making power may postpone or subordinate such lien to the lien of a mortgage to secure purchase-money.

The vendor of real estate may, if he choose, exact a mortgage from the purchaser to secure the unpaid purchase-money, at the time of the sale. That is the vendor's right, but surely he may waive such right; and if he does waive it, and allows another creditor of the purchaser, without notice of the non-payment of the purchase-

money, to secure a mortgage on the real estate sold, such mortgage will be entitled to preference over a mortgage thereafter acquired by such vendor to secure .his unpaid purchase-money.

Appellant's counsel next complains, in argument, of the decision of the circuit court, in overruling his motion for a modification of the judgment and orders of the court in certain specified particulars. This motion was in writing, and in it the appellant Harry Bright asked the court to modify its finding, so as to subject the 7 $\frac{66}{100}$ acre tract of land owned and held by the defendant William Day, to the payment and satisfaction of the mortgage sued upon by the defendants Malott and Winstandley, equally and along with the 175 acres of the mortgaged premises owned and held by said Harry Bright, without requiring either of said tracts to be first exhausted, but that each tract should be made to contribute *pro rata*, according to value, to the payment of the mortgage debt, and that judgment should. be entered accordingly.

Where the real estate covered by a mortgage consists of several parcels, and subsequent to such mortgage two or more of such parcels have been sold and conveyed by the mortgagors to different purchasers, without contract on the part of any of such purchasers for the assumption of the mortgage debt, upon the subsequent foreclosure of such mortgage, the rule is well settled in this State, that the parcels of the mortgaged premises so sold and conveyed by the mortgagors before the foreclosure, will be ordered to be sold for the payment of the mortgage debt, in the inverse order of the sale and conveyance thereof by the mortgagors. So that the parcel last sold and conveyed by the mortgagors will be ordered to be sold first by the sheriff, for the payment of the mortgage debt, before any sale is made of the next preceding parcel, and so on, inversely, until the debt and costs are satisfied, or until

all such parcels are thus sold. *Day* v. *Patterson*, 18 Ind. 114; *Williams* v. *Perry*, 20 Ind. 437; *Aiken* v. *Bruen*, 21 Ind. 137; *Alsop* v. *Hutchings*, 25 Ind. 347; and *McShirley* v. *Birt*, 44 Ind. 382.

Of course it will be understood that the rule as here stated is the rule which determines the relative rights of the several purchasers of mortgaged premises, as between themselves; and that it is subject to the primary rule, that if, at the time of foreclosure, any part of the mortgaged premises should be still owned and held by the mortgagors, such part must be ordered to be sold first for the payment of the mortgage debt and costs, before any sale shall be made of any other part or parcel of said premises.

It would seem from the judgment and orders of the court, in the case at bar, that they were made and rendered pursuant to, and in strict conformity with, the equitable rules in such cases, as we have just stated them. It was claimed by the defendant William Day, and alleged in his answer and cross complaint, that the said mortgagors, on the — day of April, 1872, sold and conveyed the said $7\frac{66}{100}$ acre tract to said William Ragsdale, that Ragsdale afterward sold and conveyed the same tract to one Steven Younger, and that said Steven Younger afterward sold and conveyed the same tract to the defendant William Day. On the trial of the cause, evidence was introduced which tended to sustain these allegations of the answer and cross complaint of the defendant Day. Of course, if the mortgagors sold and conveyed the said $7\frac{66}{100}$ acre tract to said Ragsdale, on the —— day of April, 1872, and afterward, on the 15th day of February, 1873, sold and conveyed to the appellant Harry Bright his 175 acres of the mortgaged premises, it is clear that, under the equitable rule above stated, the 175 acres of the appellant Bright were liable to be sold in satisfaction of the mortgage and costs, before

any sale of the $7\frac{66}{100}$ acre tract of the defendant Day was made for that purpose. The evidence introduced on the trial in support of the answer and cross complaint of the defendant Day was not to our minds of the most satisfactory and convincing character; but we can not, under the settled rules of this court, obtaining in such cases, disturb the finding of the court below on the mere weight of the evidence. *Rudolph* v. *Lane*, 57 Ind. 115; *Swales* v. *Southard*, 64 Ind. 557; and *The Fort Wayne, etc., R. R. Co.* v. *Husselman*, 65 Ind. 73.

The only remaining question, presented and discussed by the appellant's attorney in his brief of this cause, arises under the alleged error of the court in overruling the motion of said Bright for a new trial. It is insisted by counsel that the finding of the court was not sustained by the evidence and was contrary to law. We fail to see the case in that light. Possibly, if we had tried the case below, we might have reached a different conclusion in some respects upon the evidence in the record, in regard to the equitable rights of the parties, from that of the learned judge who tried the cause; but it can not be questioned or doubted, as it seems to us, that there was sufficient legal evidence, adduced upon the trial, tending to sustain the finding of the court below, on every material point, and certainly the finding was not contrary to law. In such a case, this court can not weigh the evidence, and, as we have already said in this opinion, we can not disturb the finding below upon the mere weight of the evidence.

We find no available error in the record of this cause.

The judgment is affirmed, at the costs of the appellant Harry Bright.