## EDWARDS ET AL. *v.* APPLEGATE ET AL.

INJUNCTION.—*Trial by Jury.*—A party to an action to enjoin a sheriff's sale of land on execution is entitled to a jury trial.

SAME.—*Answer in Bar or Abatement.*—*Dissolution of Temporary Injunction.*—*Dismissal of Action.*—The filing of verified answers in abatement or in bar does not entitle the defendant to either a dissolution of a temporary injunction or a dismissal of the action.

SAME.—*Grantee of Part of Land Subject to Judgment Lien may Enjoin Sheriff's Sale until Sale of that Unsold.*—A purchaser of a part of land subject to the lien of a simple personal judgment against his grantor, for unpaid purchase-money, may enjoin a sheriff's sale of that purchased by him until that still held by the debtor is sold, if the latter be sufficient to satisfy the execution.

PRACTICE.—*Answers to Interrogatories.*—*Judgment non Obstante.*—A judgment *non obstante* will not be rendered on answers to interrogatories, if there be no material antagonism between them and the general verdict.

From the Hamilton Circuit Court.

*W. Garver* and *R. Graham*, for appellants.

WORDEN, J.—Complaint by the appellees, against the appellants, alleging, in substance, that the defendants Oliver I. Conner, Herbert Conner and Elizabeth Boxley recovered a judgment in the court of common pleas of that county, at the August term thereof, 1856, against the defendant John F. Conner, for the sum of $600, payable

at the end of nine years, with interest at the rate of three per cent. per annum; (an explanation of this judgment may be found in the case of *Applegate* v. *Edwards*, 45 Ind. 329;) that the judgment became a lien on certain lands of the defendant therein, described in the complaint, situate in that county, being in sections 24, 25 and 26 in township 18 north, of range 4 west; that the judgment still remains a lien upon all of the land; that the portion of land lying in section 26 has been for many years worth at least fifty dollars per acre, and the portion lying in sections 24 and 25 forty dollars per acre, making that lying in sections 24 and 25 worth at least $4,960, and that lying in section 26 at least $12,850; that on January 26th, 1866, the defendant John F. Conner sold and conveyed a part of the land in section 26, describing it, to Ebenezer Applegate, for the sum of $4,441, and on the 19th day of August, 1868, he sold and conveyed the residue of the land owned by him in section 26, to the said Applegate, for the sum of $10,000. After these sales, John F. Conner still remained the owner of the land mentioned in sections 24 and 25. On the 18th of June, 1874, the clerk of the Hamilton Circuit Court issued an execution upon the judgment, which duly came to the hands of the sheriff, by virtue of which he has levied upon a portion of the land in section 26, thus sold and conveyed to Applegate, and is about to sell the same to make the amount due upon the execution. The plaintiffs are the owners, through Ebenezer Applegate, of the land thus levied upon; that the land in sections 24 and 25 is amply sufficient to satisfy the judgment and costs, and should be sold for that purpose before selling any portion of that thus sold and conveyed to Applegate. Prayer for an injunction, etc., and that the plaintiffs' said land may be exempted from sale to pay the judgment, until the land thus left in John F. Conner, after the conveyances to Applegate, shall have been exhausted.

Issues were formed, but it is unnecessary to state any of the pleadings subsequent to the complaint, as no question arises upon them. Trial by jury, verdict and judgment for the plaintiffs.

The errors assigned are :·

" 1st. The court erred in submitting the trial of the cause to a jury ;

" 2d. The court erred in overruling the defendants' motion to dissolve the temporary injunction and dismiss the cause on the pleadings of the parties and the affidavits thereto attached ;

" 3d. The court erred in overruling the defendants' motion to entrust the trial of the cause to the court, on the pleadings of the parties and the affidavits thereto attached, without the intervention of a jury ;

" 4th. The court erred in overruling the defendants' motion to render a judgment in their favor, notwithstanding the general finding [verdict ?] in the plaintiffs' favor ;

" 5th. The court erred in overruling the defendants' motion for a new trial. "

There is nothing in the first and third errors assigned, as the parties were entitled to a jury trial, such right not having been waived. Code, sec. 340.

As little is there in the second ; as the complaint, which was duly verified, alleged facts sufficient to entitle the plaintiffs to the injunction. See the case of *Houston* v. *Houston*, 67 Ind. 276, and cases there cited.

The fact, assuming such to have been the fact, that the defendants had filed answers, supported by affidavit, in abatement or in bar of the action, did not make it obligatory upon the court either to dissolve the temporary injunction or dismiss the cause.

As to the fourth assignment, we may observe that the jury returned, with their general verdict, answers to sev-

eral interrogatories; but we see no antagonism between them and the general verdict. There was one, however, which the appellants insist was inconsistent with the general verdict, as follows:

"Was not the judgment rendered in the Hamilton County Common Pleas Court, at the August term thereof, 1856, in favor of Oliver I. Conner, Herbert Conner and Elizabeth Conner (now Boxley), and against John F. Conner, for the unpaid purchase-money of the real estate now levied upon by the sheriff of Hamilton county, as set out in the complaint?

"Ans. A part, in proportion as the above land levied on is to the whole amount set off by the commissioners of William Conner's estate to the said John F. Conner."

Assuming that the answer to the interrogatory establishes the proposition that the judgment was rendered, in whole or in part, for the purchase-money for the land levied upon, we do not see how the fact can take away the equitable right of the plaintiffs to require the land retained by John F. Conner, after the conveyance by him of that which has come to the plaintiffs, all bound by the lien of the judgment, to be first exhausted before selling that of the plaintiffs, according to the principle applied in the case of *Houston* v. *Houston, supra.* The judgment was not for the enforcement of a vendor's lien, but was merely a judgment for the money.

We come to the motion for a new trial. On this, no question is raised, not already considered, except as to the sufficiency of the evidence to sustain the verdict. The evidence, as we think, sufficiently made out the case.

The judgment below is affirmed, with costs.