Hahn *et al. v.* Behrman, Executor.

No. 6483.

HAHN ET AL. *v.* BEHRMAN, EX'R.

NAMES.—*Parties.—Demurrer.—Supreme Court.*—Where, in a complaint, the surname only of a party is given, such defect can not be reached by demurrer for want of facts; nor can objection for such defect be raised, for the first time, in the Supreme Court by an assignment as error of the want of sufficient facts to constitute a cause of action.

MORTGAGE.—*Foreclosure.—Equities of Subsequent Purchasers of Real Estate.*—Where suit is brought for the foreclosure of a mortgage on real estate which, after the execution and record of such mortgage, or with notice thereof, has been encumbered or conveyed in different parcels, at different dates, in favor of or to different persons, and the junior encumbrancers, or grantees, are defendants to such suit for foreclosure, the different parcels of such real estate, so encumbered or conveyed by the mortgagor before such foreclosure, will be ordered to be sold in such parcels for the payment of the mortgaged debt, in the inverse order of such junior encumbrance or conveyance thereof by the mortgagors.

SAME.—But, if, at the time of the foreclosure, the original mortgagor owned any part or parcel of the mortgaged property, free from any junior encumbrance thereon, such part or parcel must be ordered to be sold first, for the payment of the mortgage debt and costs, before any sale can be made of any other part or parcel of the mortgaged premises.

From the Ripley Circuit Court.

*G. Durbin,* for appellants.

*W. D. Willson, C. H. Willson* and *A. Stockinger,* for appellee.

HOWK, J.—On the 13th day of December, 1876, Herman Dieckman, the appellee's testator, then in full life, but since deceased, as sole plaintiff, commenced this action against Henry Hahn, John B. Heinekamp, Ernst Blank, Joseph Heman and Bernhard Klie, the appellants, and Sarah E. Bodley and a number of other persons, as defendants. The object of the suit was to foreclose a certain mortgage, executed on the 19th day of March, 1861, by Herman Schrader and Henry Boehringer to John Hartman, on certain real estate in Ripley county, and to collect the balance of the mortgage debt, then owned by and due to the plaintiff, Dieckman. It

was alleged, *inter alia,* in plaintiff's complaint, that the mortgage in suit was duly recorded, on the 10th day of May, 1861, in the recorder's office of said Ripley county;. that, after the execution of. said mortgage, the said Boehringer conveyed all his interest in the mortgaged real estate to the defendant Herman Schrader; that long afterward, on August 30th, 1871, the said Schrader and his wife exe-, cuted a mortgage, on a part of the same real estate, to the defendant Sarah E. Bodley; that the said Schrader and Boehringer laid out and platted a part of the said mortgaged real estate in town lots and streets, and, on August 17th, 1869, they caused the plat thereof to be recorded in the recorder's office of said county, as Boehringer's addition to the town of Batesville, in said county: and that the purchasers of the said town lots, and the said Sarah E. Bodley, had each and all acquired their respective interests in the said mortgaged premises, after the execution and record of the mortgage in suit, and with notice thereof.

The defendant Sarah E. Bodley separately answered the complaint by a general denial thereof; and she also filed a cross complaint against all her co-defendants, and the plaintiff, Dieckman, praying therein for certain equitable relief. To the said cross complaint, the above named appellants jointly demurred, for the alleged insufficiency of the facts therein to constitute a cause of action, which demurrer was overruled by the court, and to this ruling they excepted.

The said appellants, for answer to the plaintiff's complaint, said that they knew nothing about the matters alleged therein, but that, subsequent to the execution of the mortgage sued on by the plaintiff, they had bought, paid for, and taken deeds for, from the defendant Schrader, the town lots owned by them respectively, as stated in the complaint, and they asked that the residue of the mortgaged premises might be sold, under the order of the court, for the satisfaction of the mortgage debt, before the said town lots, owned by them

respectively, should be offered for sale for such purpose. They failed and refused to answer further the cross complaint of said Sarah E. Bodley.

Upon the trial of the cause, the court found and rendered judgment in favor of the plaintiff, Dieckman, for the balance due on the mortgage debt, and the costs of suit, and for the foreclosure of said mortgage and the sale of the mortgaged premises to satisfy the plaintiff's judgment, interest and costs. Upon the allegations of the cross complaint of said Sarah E. Bodley, which were taken as confessed by said appellants, the court further found that they had acquired their respective titles to the town lots, owned by them respectively, from the defendant and mortgagor, Herman Schrader, after the execution and record of his mortgage to said Sarah E. Bodley, described in her cross complaint; and thereupon the court ordered that the appellants' town lots should be offered and sold to satisfy the plaintiff's said judgment and costs, before any offer or sale should be made of the premises so mortgaged to said Sarah E. Bodley; and to this latter order of the court the appellants, at the time, excepted.

On the record of this cause, the above named appellants have jointly assigned the following errors:

1. The court erred in overruling their demurrer to the cross complaint of said Sarah E. Bodley;

2. The court erred in that portion of its judgment, in this case, to which they excepted; and,

3. The complaint of the plaintiff below, Herman Dieckman, does not state facts sufficient to constitute a cause of action.

The only objection suggested by the appellants' counsel, in argument, to the sufficiency of the plaintiff's complaint is, that, in several instances, the surname only of a defendant was given in the complaint. This objection is one that could not be reached even by a demurrer for the want of

sufficient facts, and certainly it can not be made available for any purpose, after a finding and judgment below, under an assignment, for the first time, in this court, of the insufficiency of the facts stated in the complaint to constitute a cause of action. The complaint was sufficient, in the particular suggested by counsel, as to all the appellants, for the full names of each of them appear to have been given, and we can not see how they, or either of them, can or could be injured in the slightest degree by the plaintiff's omission to set out in his complaint the christian or given names, as well as the surnames, of any or all of their co-defendants. The objection to the sufficiency of the complaint is not well taken.

The first and second errors, as above assigned, may properly be considered together; for, if the court did not err in overruling the appellants' demurrer to the cross complaint of Sarah E. Bodley, it is certain that no error was committed in that portion of the court's judgment to which the appellants excepted. In her cross complaint, the said Sarah E. Bodley alleged, in substance, that, after the execution of the mortgage in suit, described in the plaintiff's complaint, the mortgagors, Schrader and Boehringer, laid out and platted a part of the mortgaged real estate into town lots and streets, as an addition to the town of Batesville, on July 29th, 1869; that afterward, on August 30th, 1871, the said Schrader and his wife mortgaged to said Sarah E. Bodley all the real estate described in plaintiff's mortgage, which had not been laid out and platted as aforesaid, and, also, lot number 240 in said town plat, to secure the payment of two notes for $5,000 each, copies of which notes, and of her mortgage, were filed with and made a part of her cross complaint; that her said mortgage was duly recorded in the recorder's office of said county, on the 4th day of September, 1871; that, on February 16th, 1877, in said Ripley Circuit Court, she had duly recovered a judgment against the said

Schrader and his wife, in the sum of $11,752.09, and for the foreclosure of her said mortgage ; that, on March 31st, 1877, she caused all the said real estate, so mortgaged to her, to be sold at sheriff's sale, under an order of sale issued on her said judgment, and purchased the same for $8,500, leaving a balance due her on her said judgment of $4,000 ; that the said Herman Schrader was still the owner of certain town lots, describing them by their numbers, covered by the plaintiff's mortgage and not covered by her mortgage, in which town lots the appellant Joseph Heman claimed some interest derived from said Schrader after the execution and record of her said mortgage ; that, after the execution and record of her said mortgage, the said Schrader and his wife conveyed certain others of the said town lots, describing them by their numbers, to the appellants respectively, giving the dates of their respective deeds ; and that the said portions of the real estate covered by the plaintiff's mortgage, still owned by said Schrader, or sold and conveyed by him and his wife to the appellants respectively, after the execution and record of her said mortgage, were worth sufficient to fully satisfy the plaintiff's said mortgage, without selling any part of the said real estate embraced in said mortgage to her, the said Sarah E. Bodley. Wherefore she prayed the court to order and require the plaintiff to first sell the property still belonging to said Herman Schrader, and that which he had conveyed to the appellants after the execution of her said mortgage, before selling any part of the real estate contained in her mortgage, and for general relief.

We are of the opinion that the court committed no error, either in overruling the appellants' demurrer to the cross complaint of said Sarah E. Bodley, or in rendering judgment for the sale of the mortgaged property, in accordance with the prayer of said cross complaint. Upon the facts alleged in her cross complaint, which were not controverted by the appellants and must be taken as true, as the case is

Hahn *et al. v.* Behrman, Executor.

presented in this court, the said Sarah E. Bodley was clearly entitled, we think, to the equitable relief she asked for, and which the court gave her, in that portion of its judgment excepted to by the appellants. Where suit is brought for the foreclosure of a mortgage on real estate, and such real estate, after the execution and record of such mortgage, or with notice thereof, has been encumbered or conveyed in different parcels, at different dates, and to or in favor of different persons, and the junior encumbrancers or grantees have been made defendants to such suit for foreclosure, the rule is well settled, in this State, that the different parcels of the mortgaged real estate, so encumbered or conveyed by the mortgagors before such foreclosure, will be ordered to be sold in such parcels for the payment of the mortgage debt, in the inverse order of such junior encumbrance or conveyance thereof to the mortgagors. Under the rule, the parcel last encumbered or conveyed by the mortgagors, will be ordered to be sold first by the sheriff, for the payment of the mortgage debt, before any sale is made of the next preceding parcel, and so on, inversely, until the debt and costs are fully satisfied, or until all such parcels have been thus sold. *Day* v. *Patterson,* 18 Ind. 114 ; *Williams* v. *Perry,* 20 Ind. 437 ; *Aiken* v. *Bruen,* 21 Ind. 137 ; *Alsop* v. *Hutchings,* 25 Ind. 347 ; *McShirley* v. *Birt,* 44 Ind. 382 ; *Houston* v. *Houston,* 67 Ind. 276.

The rule just stated is the one which fixes and determines the relative rights of the several junior encumbrancers or grantees of different parts or parcels of the mortgaged premises, as between themselves ; but this rule is subject, of course, to the primary rule, that, if, at the time of foreclosure, the original mortgagors should still own and hold any part or parcel of the mortgaged property, free from any junior encumbrance thereon, such part or parcel must be ordered to be sold first, for the payment of the mortgage debt and costs, before any sale shall be made of any other part or

parcel of the mortgaged premises. *Houston* v. *Houston, supra.*

We find no error in the record.

After the appeal, and before the submission of this cause, it was suggested to this court that the plaintiff below, Herman Dieckman, had departed this life testate, and that John Behrman had been duly appointed and qualified as executor of the last will of said decedent; and, on the appellants' motion, the said Behrman, as such executor, was substituted as the appellee, and, as such, the judgment below is affirmed, in his favor, by this court.

The judgment is affirmed, at the appellants' costs.