## DIAMOND FLINT GLASS COMPANY ET AL. v. BOYD.

[No. 4,283.   Filed February 19, 1903.]

VENDOR'S LIEN.—*Several Parcels of Land Sold to Different Parties.— Foreclosure.*—Where there is an encumbrance upon several parcels of land, and the owner of such land sells the different parcels to different persons, the property last disposed of must be exhausted in payment of the debt before resorting to the other parcels. *pp. 486, 487.*

SAME.—*Foreclosure.—Complaint.*—Before the satisfaction of a vendor's lien the vendee sold the land in parcels to different persons. The original vendor brought suit against the owner of one of the parcels to foreclose his lien. The complaint showed that the parcel of land was subject to the lien sought to be enforced, but did not show that such parcel was the last one sold. *Held,* that the complaint was sufficient to withstand a demurrer. *p. 487.*

SAME.—*Foreclosure.—Abatement of Action.*—In a suit to foreclose a vendor's lien, a plea in abatement set up that the real estate

covered by the lien had, after the lien had attached, been transferred in parcels to different persons; that the parcel against which the lien was sought to be enforced was the first of the parcels sold, and that the value of the other parcels of the original tract was sufficient to satisfy the lien. *Held*, that the plea was not good on demurrer because it failed to show that the lien had not been released as to such other parcels, and also because it sought relief against other parties concerning a matter not apparent upon the face of the complaint. *pp. 488, 489.*

PLEADING.—*Leave to File Answer for Codefendant.—Appeal and Error.—* After a demurrer to a plea in abatement filed by one defendant had been sustained, and such defendant refused to plead further, the refusal of the court to permit another defendant to file a general denial for and on behalf of the defendant so refusing to plead, is not error, where the party asking leave to file the answer was not prevented from presenting the issues on his own behalf. *pp. 489, 490.*

From Blackford Circuit Court; *E. C. Vaughn*, Judge.

Suit by Byron M. Boyd against the Diamond Flint Glass Company and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*J. A. Hindman* and *Maurice Powell*, for appellants.

*A. N. Blessing, S. W. Cantwell* and *L. B. Simmons*, for appellee.

ROBINSON, J.—Suit by appellee to enforce a vendor's lien against land. On September 28, 1891, appellee and six others, named, owned in fee as tenants in common a twenty-acre tract of land, and while such owners became indebted in the sum of $1,850, secured by their chattel mortgage, and in the further sum of $700 evidenced by their promissory note. On that date they sold the land to a brick company, which company assumed and agreed, as a part of the consideration, to pay these debts, and did pay them, except $759.35, which was ultimately paid by appellee and three others, two of whom assigned their claims to appellee. This action is brought to recover the amount so paid, and enforce a vendor's lien against a part of the twenty-acre tract now owned by appellant.

Where there is an encumbrance upon several parcels of

land, and the owner of the land, liable for the payment of the encumbrance, sells the different parcels to different persons, the purchasers must contribute to the payment of the encumbrance in the inverse order of their purchases; that is, the property last disposed of must be exhausted in payment of the debt before resorting to the other parcels. In such cases no contribution can be required of the prior purchasers until the parcels subsequently sold have been exhausted. *Aiken* v. *Bruen,* 21 Ind. 137; *McCullum* v. *Turpie,* 32 Ind. 146; *Sidener* v. *White,* 46 Ind. 588; *Houston* v. *Houston,* 67 Ind. 276; *Hahn* v. *Behrman,* 73 Ind. 120; *Henderson* v. *Truitt,* 95 Ind. 309; *Aurora Nat. Bank* v. *Black,* 129 Ind. 595; *Jennings* v. *Moon,* 135 Ind. 168; *Clowes* v. *Dikenson,* 5 Johns. Ch. 235; *Savings Bank* v. *Creswell,* 100 U. S. 630, 25 L. Ed. 713; *Orvis* v. *Powell,* 98 U. S. 176, 25 L. Ed. 238 and note.

While the complaint does show that this suit is to enforce the lien upon a part only of the whole tract which was subject to the lien, yet it does not show on its face that the particular tract is not primarily liable. The complaint shows a *prima facie* right to foreclose a lien upon land which was subject to the lien. The whole tract was liable for the debt. Whether the parcel in question was the last conveyed or the first does not appear. What equities, if any, exist between other parties, presents a question which does not go to the right to enforce the lien, but to the order in which the several parcels, if there are such, shall be taken for the satisfaction of the lien. The lien holder can not be held to determine for himself, before bringing his action, the equality or inequality of the equities of the purchasers of different parcels. This question must be determined between the parties claiming such equities. The complaint shows that the parcel of land in question is subject to the lien sought to be enforced against it. From the facts averred appellee's right to enforce his lien was in no way dependent upon the rights of any of the other original

vendors.   The demurrer to the amended complaint was properly overruled.   See Tiedeman, Real Property (2d ed.), §§369, 371; 2 Washburn, Real Property (4th ed.), 210; Jones, Mortgages (5th ed.), §1089.

The demurrer to the appellant company's plea in abatement was properly sustained.   It seeks to show that the whole tract charged with the lien was owned by one Emshwiller; that a portion of the tract was alienated in parcels at different times to different persons, and that the remainder was owned by Emshwiller at the time of his death, and is now owned by his heirs, and that appellee is seeking to enforce his lien against the part first alienated.   A plea in abatement is a dilatory plea and amounts to a tacit admission of the cause of action.   It does not deny the cause of action, but merely denies the right to bring the present suit. It must not only be certain in every particular, but it " 'must meet and remove by anticipation every possible answer of the adversary.'   *   *   *   It requires the pleader not only to answer fully what is necessary to be *answered,* but also to *anticipate* and exclude all such supposable matter as would, if alleged on the opposite side, *defeat* his plea." *Needham* v. *Wright,* 140 Ind. 190, and authorities cited.   While the plea does show that the parcels conveyed to subsequent grantees and those still owned by the heirs of the common grantor are more than sufficient in value to satisfy the lien, yet it does not show whether appellee's claim is a subsisting lien against these parcels, or whether the lien may have been released as to part or all of them.   Tested by the above rules the plea was insufficient.   Moreover, appellant seeks, in effect, by this plea to obtain relief against other parties concerning a matter that is not apparent upon the face of the complaint.   "When, in a proceeding in chancery," said the court in *Swift* v. *Brumfield,* 76 Ind. 472, "a defendant seeks relief against a codefendant, as to matters not apparent on the face of the original bill, he must file his crossbill, making parties thereto such of his codefendants and

such others as are necessary to the relief demanded, and process is required to bring such codefendants, as well as others who may be impleaded with them, into court. This rule of practice has been held to be applicable to analogous proceedings under our code. *Fletcher* v. *Holmes,* 25 Ind. 458; *Joyce* v. *Whitney,* 57 Ind. 550." See, also, *Hahn* v. *Behrman,* 73 Ind. 120.

In the original complaint the Diamond Flint Glass Company was the sole defendant. Afterwards, at the March term, 1900, the application of Lewis Willman and others to be made defendants was granted. After demurrers had been filed, appellee, at the October term, 1900, filed an amended complaint in which it was averred that Willman and others had been made parties defendant on their own application, and that they each claimed some interest in the land, the nature of which was to the plaintiff unknown, but that such claim was inferior to the lien of plaintiff, and that they were made parties to answer to their interest. After the demurrer to the appellant company's plea in abatement had been sustained, and the company had refused to plead further, Willman and others, at the June term, 1901, offered to file an answer of general denial to the amended complaint "for and on behalf of the defendant herein, the Diamond Flint Glass Company." This offer was refused, and an exception reserved.

The error assigned by Willman upon this ruling is that "The court erred in refusing to allow this appellant, and appellants, Charles H. Rife and Alexander W. Whitaker, as administrator of the estate of Moses Emshwiller, deceased, to file their answer to the amended complaint of the appellee herein." Conceding, without deciding, that the error assigned presents to this court the question that was presented to the trial court, we think there was no error in refusing to permit the filing of the answer. The amended complaint superseded the original complaint. In the amended complaint Willman and others were made defend-

ants to answer as to any interest they had in the matter in controversy. If they had any interest which they desired to protect they should have presented it to the court in some proper pleading. They were called upon to plead to the complaint in their own behalf. Under the facts stated in the complaint they could have presented no issue as to their interest in the subject-matter of the action by a general denial filed for and in behalf of appellant company. They were not denied a request for leave to file their answer to the amended complaint. The fact that appellant company had refused to plead further did not prevent them from presenting issues in their own behalf for the adjudication and protection of their own interests. We find no error in the record for which the judgment should be reversed.

Judgment affirmed.