Dewey, J.
Fisher sued Lacky in debt on a bond for the payment of sixty dollars. The defendant craved oyer of the bond and of its condition. It appeared by the oyer that the penalty of the bond is sixty dollars, and that it is conditioned that one Taylor should remain a true prisoner within the prison-limits of the jail of Montgomery county, until he should be discharged by law. The defendant pleaded covenants performed generally. The plaintiff replied, setting out a judgment against Taylor, the issuing of an execution thereon, the imprisonment of Taylor by virtue of it, and the execution of the bond declared oh for the purpose of affording to him the privilege of the prison-bounds. The breach assigned is that Taylor did not remain a true prisoner, but escaped *beyond the prison-bounds and went at large, without having been discharged by law. The defendant rejoined, that Taylor did remain a true prisoner within the prison-bounds, until the passage and publication of an act of the General Asssmbly, entitled “An act to abolish imprisonment for debt,” approved January the 13th, 1842; and that after the passage and publication of that act, he went at large, having been by it discharged from imprisonment. The plaintiff demurred generally to the rejoinder. The Court overruled the demurrer and rendered final judgment for the defendant.
P. C. Gregory, for the appellant.
D. Mace, for the appellee.
The sixth section of the statute named in the rejoinder provides, “ that ail persons now confined in the prison or prison-bounds, of any county in this State, by or under any writ or other restraining process, in any civii case, be and they are hereby discharged; and this act may be pleaded in bar of any action on any prison-bounds bond.” Laws of 1842, p. 68.
It is contended that this statute is a violation of that clause of the constintion, which forbids the passage of any law impairing the obligation of a contract, in regard to contracts made before its enactment, and that the imprisoned debtor could only be discharged in the manner prescribed by the law as it stood at the date of the bond.
This position can not be maintained. Imprisonment of the debtor,as a means of enforcing the payment of a debt, belongs exclusively to the law of the remedy, and may be granted, or withheld at the option of the Legislature, without affecting the obligation of the contract. It is a matter too well settled to admit of controversy, that the Legislature is competent to' pass a law, by which air insolvent may be discharged from imprisonment upon a previously contracted debt, without impugning the clause of the constitution alluded to. If the Legislature may destroy the remedy by imprisonment, on account of the insolvency of the debtor, they may do it for any other cause, or simply because it is their pleasure so to do. By the direct operation of the law in question, the debtor was discharged from confinement; his departure from the prison-bounds was no forfeiture of the obligation.
It is also objected to the rejoinder, that it is bad as containing matter of law, because it recites the provision of the ^statute above quoted. If it can be considered objectionable on that score, the recital may be considered as surplusage and rejected. The rejoinder is good without it.
Per Curiam.—The judgment is affirmed with costs.