Gimbel v. Stolte, Administratrix.

---

GIMBEL v. STOLTE, ADMINISTRATRIX.

CITY.—*Condemnation of Land for Street.—Statute Construed.—Action.—Parties. —Notice.—Redemption.—*A proceeding by a city to condemn real estate for street purposes, under sections 61 to 67, inclusive, of the act of March 14th, 1867, 1 R. S. 1876, p. 267, for the incorporation of cities, etc., is a proceeding against the owner thereof alone, and the holder of a simple judgment lien thereon is not entitled to notice thereof, and can not redeem therefrom.

SAME.—*Judgment Lien Divested by Condemnation.—Mortgage.—*Land so condemned is taken by the city discharged from the lien of a previous judgment, but not from a mortgage lien.

SAME.—*Contribution.—Demand.—Costs.— Vested Right.—Remedy.—Contract. —Constitutional Law.—Pleading.—Supreme Court.—Amendment.—*In an action against a city and another, the complaint alleged, that the latter became the owner of certain land, subsequently condemned for street purposes by such city, by obtaining a sheriff's deed therefor, based on a sheriff's sale of the same to him on a decree foreclosing a prior mortgage thereon in his favor; that, at the time of such foreclosure, such land was encumbered by the lien of a judgment in favor of the plaintiff, who had not been made a party to the foreclosure suit; and that the city had paid to its co-defendant, as damages for such condemnation, a sum exceeding the aggregate of such decree, interest, costs, and the plaintiff's judgment. Demand that the plaintiff be allowed to redeem from the city, or that such other defendant be compelled to contribute.

*Held,* on demurrer, that the plaintiff can not redeem from the city.

*Held,* also, that, as a matter of equity, such co-defendant is liable to the

plaintiff, without demand, for the amount of the plaintiff's judgment, and for the costs of the action.

*Held,* also, that a statute giving a judgment creditor a lien on his debtor's real estate relates solely to his remedy, forms no part of the contract on which the judgment is rendered, gives him no vested right, and may be repealed without violation of any constitutional right.

*Held,* also, that a formal amendment to the complaint, which might have been made in the court below, will be deemed, on appeal to the Supreme Court, to have been so made. BIDDLE, C. J., dissenting, and NIBLACK J., doubting.

From the Marion Superior Court.

*C. Byfield* and *D. Howe,* for appellant.

*R. O. Hawkins, D. V. Burns, C. H. Test* and *J. Coburn,* for appellee.

WORDEN, J.—This was an action by the appellee, Mina Stolte, as administratrix of the estate of Frederick Jasper, deceased, against Michael Gimbel, the city of Indianapolis and Frederick Wunsch.

Judgment was rendered in favor of Indianapolis, on demurrer to the complaint, and, on trial and finding by the court in favor of the plaintiff, against Gimbel, for the sum of one hundred and twenty-six dollars and twenty-five cents.

The following are the material facts developed upon the trial of the cause:

Jasper, the plaintiff's intestate, held a judgment against Wunsch, which was a lien on a lot in the city of Indianapolis, then owned by Wunsch, on which judgment there was due, at the date of the finding and judgment herein, the sum above mentioned. One Stevens held a mortgage on the same lot, which was senior to Jasper's judgment. The mortgage was foreclosed, Jasper not being made a party to the suit, and the lot was sold to Gimbel, under the decree, and he received the sheriff's deed therefor. Afterward the lot was condemned by the city of Indianapolis for street purposes, as the property of Gimbel, and he was paid therefor by the city the sum of eight hundred dollars. Deducting the amount paid by

Gimbel for the property at the sheriff's sale, together with the amount since paid by him in discharge of liens upon the property, from the eight hundred dollars, there will be more than enough of that sum left to discharge the Jasper judgment. Wunsch is insolvent.

The question arises, whether, on these facts, the judgment below was right.

The plaintiff was entitled, as against Gimbel, to redeem the property, her intestate not having been made a party to the foreclosure suit; and, if the property were in a situation in which it could be redeemed by her, that would seem to be her only remedy.

The question arises, therefore, whether she is entitled to redeem against Indianapolis. This question must be determined by reference to the statute under which the lot was condemned by the city for street purposes.

Sections 61, 62, 63, 64, 65, 66 and 67 of the act of 1867 to provide for the incorporation of cities, 1 R. S. 1876, p. 267, provide for the condemnation and appropriation of real estate for street purposes, on payment of damages to the owner or owners. The amount to be paid is the value of the property appropriated less any benefits assessed to the owner, to be ascertained by commissioners in the manner provided for. Notice is to be given to the owners, or agents thereof, of lots or lands upon or through which the street is proposed to be made. If the owners are unknown, or non-residents, publication is to be made. When the report of the commissioners is filed, the common council, if it accept the terms of the same, directs the treasurer of the city to tender to the owner or owners of such real estate the damages awarded by the commissioners, deducting the amount of benefits assessed to the owner or owners; or, if not found within the county, or the award is not accepted, then the same shall be kept by the treasurer as a special deposit, subject to the order of such owner, or his heirs or representatives.

It is thus seen, that the statute contemplates proceed-

ings only against owners of the property to be appropriated.

Notice is to be given only to owners, and the damages are to be paid only to owners.   The damages are the full value of the property appropriated, subject only to such deductions as may be made for benefits accruing to the owner by reason of the improvement.

The question arises, whether, when a city has thus condemned real estate for street purposes, and has paid the owner therefor, it takes the property, for such purpose, discharged from the lien of previous judgments.

In the case of *Watson* v. *The N. Y. C. R. R. Co.*, 47 N. Y. 157, which was identical in principle, it was held that such condemnation cut off the lien of prior judgments. We make the following extracts from the opinion of the court in that case, as being entirely applicable to the one before us.   The court said :  " The court below held that the act under which the proceedings for condemnation of the land were instituted, did not require that judgment creditors be made parties thereto.   *   *   That under those acts the proceedings were to be taken only against the owners of the land, and that compensation was to be made only to such owners.   That a judgment creditor having a mere statutory lien was in no sense an owner,. and that the title of the railroad company, when acquired under the acts, became paramount to such lien.

" The provisions of the acts in question are fully referred to in the opinion delivered at general term by MASTEN, J., and we concur with the learned judge that they admit of no other construction than that the owners were the only necessary or proper parties to the proceeding.

*    *    *    *    *    *    *    *    *    *

" The terms ' owner or owners,' as used in these statutes, being intended to designate the parties entitled to the compensation which is substituted for the land taken, should be held to embrace all persons having estates in

the land in possession, reversion or remainder. *Parks* v. *City of Boston*, 15 Pick. 198. All persons having proprietary interests are entitled to compensation, for the aggregate of those interests constitute the ownership or fee. It has been frequently held that tenants for years are owners within the meaning of similar statutes. *Turnpike Road* v. *Brosi*, 22 Pa. St. 29 ; *Brown* v. *Powell*, 25 Pa. St. 229 ; *Baltimore and Ohio R. R. Co.* v. *Thompson*, 10 Md. 76 ; *Parks* v. *City of Boston*, 15 Pick. 198. Also that a franchise issuing out of the land may be regarded as real estate, for which the owner is entitled to compensation. *Enfield Toll Bridge Co.* v. *Hartford and N. H. R. R. Co.*, 17 Conn. 454.

" But a judgment creditor of an owner has no estate or proprietary interest in the land. He stands wholly upon the law., which gives him a remedy for the collection of his debt by a sale of the land under execution, in case sufficient personal property of the debtor should not be found. This remedy is not secured by contract, but is purely statutory, and in aid of it acts have been passed, from time to time, authorizing a sale of the land which the defendant owned at the time of recovery or docketing of the judgment, or at any subsequent period, and making the judgment a lien upon the land. The duration of this lien, and the mode of its enforcement and discharge, are subjects which appertain to the laws for the collection of debts *     *     *     *     *     *     *     *     *

" It is clearly within the power of the legislature to abolish the lien of all judgments at any time before rights have become vested or estates acquired under them, and, placing real estate on the same footing as personal property, to confine the remedies of the creditor to the property held by the debtor at the time of issuing the execution.

" This would be no greater exercise of power than the abolition of the right of distress for rent, or of the lien of

the landlord on property taken in execution, or of the right of imprisoning the debtor.

" Yet the validity of such laws has been fully recognized even where they affected existing claims or judgments. They do not take away property, or affect the obligation of contracts, but simply affect legal remedies. There can, therefore, be no doubt of the validity of a provision causing the lien of a judgment, not ripened into a title by a sale, to be superseded by the taking of the land under proceedings in exercise of the right of eminent domain, on payment of compensation to the owner of the land."

We concur generally in the views thus expressed by the Court of Appeals of New York. There can be no doubt that a law, which gives a judgment creditor a lien on the real estate of the debtor, relates solely to the remedy; and there can be no vested right in a remedy.

Thus it was said, in *Fisher* v. *Lacky*, 6 Blackf. 373, DEWEY, J., delivering the opinion : " Imprisonment of the debtor, as a means of enforcing the payment of a debt, belongs exclusively to the law of the remedy, and may be granted or withheld at the option of the legislature, without affecting the obligation of the contract. It is a matter too well settled to admit of controversy, that the legislature is competent to pass a law, by which an insolvent may be discharged from imprisonment upon a previously contracted debt, without impugning the clause of the constitution alluded to. If the legislature may destroy the remedy by imprisonment, on account of the insolvency of the debtor, they may do it for any other cause, or simply because it is their pleasure so to do."

So again, in *The Aurora, etc., Turnpike Co.* v. *Holthouse*, 7 Ind. 59, 62, this court said, speaking by DAVISON, J.: " The Legislature have undoubted authority to alter the remedy, where such alteration does not impair the obligation of the contract."

Other cases to the same effect may be found in our reports, but it is not deemed necessary to collect them here.

We are of opinion, that, when the city condemned the property and paid the appellant therefor, the former took it for street purposes discharged of the lien of the judgment of the plaintiff's intestate, and that the latter had no right to redeem as against the city. We therefore think no error was committed in sustaining the demurrer of the city to the complaint.

The question is not involved, and therefore we express no opinion upon it, whether such condemnation would cut off mortgages duly recorded. It may, however, without impropriety, be observed, that there are some important distinctions between judgment and mortgage liens. The former are general upon all the real property of the defendant in the county. The latter are specific upon particular property. The former depend solely upon statutes that may be modified or repealed before rights under them have become vested. The latter depend upon contract and the statute making the record thereof notice to all the world.

As the plaintiff was not entitled to redeem as against the city, it remains to enquire whether she had any rights as against Gimbel. Had the lot continued the property of Gimbel, without the condemnation, she could have redeemed, in order to make her judgment out of it, as her intestate was not a party to the foreclosure, and Gimbel purchased the property subject to the right of the plaintiff's intestate to redeem. But Gimbel, instead of the lot, holds the proceeds thereof paid on the condemnation; and this amount is more than enough to pay the debt on which it was sold, being the amount paid by Gimbel, and all other liens paid by him, and the judgment. This shows, that, had the lot continued the property of Gimbel, the plaintiff could, by redeeming it, have realized the amount of her judgment. In other words, Gimbel holds in his hands, as the proceeds of the condemnation, more than would be necessary to redeem the lot and pay the plaintiff's judgment.

We are of opinion, that, upon equitable principles, the plaintiff, under the circumstances, is entitled to look to the money in the hands of the defendant Gimbel for the payment of her judgment, instead of looking to the lot. Where either real or personal estate, upon which there is an outstanding mortgage, is turned into money, the rights of the mortgagee continue unaltered, and the court will direct the application of the money according to the rights of the parties as they existed. before the alteration of the estate. *Astor* v. *Miller*, 2 Paige, 68; *Brown* v. *Stewart*, 1 Md. Ch. 87. So, where mortgaged property has been condemned for street purposes by a city, the mortgagee is entitled to be paid out of the money allowed the mortgagor as damages. *Astor* v. *Hoyt*, 5 Wend. 603; *In the Matter of John and Cherry Streets, in the City of New York*, 19 Wend. 659.

We see no reason why a judgment creditor, having a lien on the property condemned, should be less favored. As between him and the party who holds the money arising from the condemnation, his rights are as much entitled to protection as if his claim had been a mortgage.

But the appellant insists, that, if he was liable to the plaintiff for the amount of her judgment at all, he was not liable without a demand. We do not think any demand was necessary. On equitable principles, he was liable to her for the amount, and we know of no principle which made it necessary for her to make a demand before bringing the action.

It is also insisted that the complaint was simply a complaint to redeem, and did not authorize a personal judgment against the appellant. The complaint alleged the facts, and offered to redeem, and prayed such relief against Gimbel as the court might deem right and proper, and for all proper relief.

This, it seems to us, was sufficient to authorize the judgment which was rendered. The complaint might

have been amended below so as to state the amount demanded, and it will be deemed amended here.

We are of opinion, that the judgment below against the appellant was right, and should be affirmed.

A cross-error was assigned in the court below, at general term, as to costs, and the proper assignment is made here.

The court below, at special term, rendered judgment in favor of the appellant, Gimbel, against the appellee, for the costs in the cause. And this was affirmed at general term.

We see no ground for this ruling. The plaintiff had a good cause of action against the defendant Gimbel, who denied her complaint, and put her to the proof thereof. Having recovered against him, she was entitled, so far as we can see, to her costs, except those caused by making the city of Indianapolis a party.

The judgment below is affirmed, except as to the costs, as to which it is reversed, and the cause remanded for further proceedings as to the costs, in accordance with this opinion.

Costs here in favor of the appellee.

BIDDLE, C. J., dissents, holding that the previous liens on the land were vested rights, which, under the Constitution, could no more be taken than the land itself, without just compensation first assessed and tendered, except by the State. The legislature has no power, under the Constitution, to take away a vested right without giving the owner "his day in court."

NIBLACK, J., doubts.