Blair *et al. v.* Hanna *et al.*

---

No. 9762.

BLAIR ET AL. *v.* HANNA ET AL.

BANKRUPTCY.—*Fraudulent Conveyance.*—The bankrupt act vests the assignee in bankruptcy with authority to institute suits to set aside fraudulent conveyances, and creditors can not maintain such a suit.

SAME.—*Discharge.*—*Collateral Attack.*—The judgment of the court decreeing a discharge in bankruptcy can not be collaterally attacked.

From the Montgomery Circuit Court.

*P. S. Kennedy, W. T. Brush, R. B. F. Peirce* and *G. W. Paul,* for appellants.

*D. A. Roach* and *N. P. H. Proctor,* for appellees.

ELLIOTT, J.—The appellants' complaint alleges that Adam P. Hanna, one of the appellees, was indebted to the appellants in the year 1868, and that they recovered judgment for the debts due them; that after the debts were created Hanna bought the real estate described in the complaint, and, for the purpose of defrauding his creditors, caused it to be conveyed to his brothers John and George Hanna; that after this purchase and conveyance Adam P. Hanna was adjudged a bankrupt; that he fraudulently concealed his ownership of the land, and that it never went into the hands of his assignee.

We think the court did right in sustaining a demurrer to this complaint for the reason that an adjudication by the United States court possessing jurisdiction in bankruptcy proceedings can not be collaterally impeached. It is a well settled general rule that an adjudication in bankruptcy finally and conclusively settles all matters connected with the administration of the bankrupt's estate. *Wiley* v. *Pavey,* 61 Ind. 457 (28 Am. R. 677); *Black* v. *Blazo,* 117 Mass. 17; *Smith* v. *Ramsey,* 27 Ohio St. 339; *Burpee* v. *Sparhawk,* 108 Mass. 111 (3 Am. R. 320).

The appellants contend that the present case does not fall within the general rule, because their judgments were liens upon the land fraudulently conveyed to the brothers of the bankrupt. In our opinion the question of whether there was a fraudulent conveyance of property was one exclusively for the consideration of the court possessing jurisdiction in the bankruptcy proceedings, and is one which can not be litigated after a final adjudication by that court. The bankrupt act expressly vests title in the assignee to all property fraudulently conveyed, and charges him with the duty of overthrowing all fraudulent conveyances. R. S. U. S., 2d ed., p. 973. The Supreme Court of the United States has decided in several cases that the creditor can not maintain an action to set aside a fraudulent conveyance, but that the remedy to be pursued is that provided in the bankrupt act. In *Trimble* v. *Woodhead,* 102 U. S. 647, it was said: "The primary object of the bank-

rupt law is to secure the equal distribution of the property of the bankrupt of every kind among his creditors. This can only be done through the rights vested in the assignee and by the faithful discharge of his duties. Let us suppose, however, that a creditor is aware of the existence of property of the bankrupt sufficient to satisfy his own debt, but which has not come to the possession or knowledge of the assignee. He has but to keep silence for two years, and then bring suit in his own name against the fraudulent holder of this property, and make his debt really at the expense of the other creditors; or he may have an understanding with the bankrupt, who, after two years, and after his own discharge from all his debts, may confess judgment to this creditor * and thus secure him a preference forbidden by the act itself." *Glenny* v. *Langdon*, 98 U. S. 20; *Lathrop* v. *Drake*, 91 U. S. 516; *Carr* v. *Hilton*, 1 Curt. C. C. 230. In *Way* v. *Howe*, 108 Mass. 502 (11 Am. R. 286), it was said: "It follows, that the remedy given by application to a district court of the United States under sec. 34 of the bankrupt act is exclusive of any other mode of impeaching the validity of a discharge, either in the Federal or in the State courts, on account of a fraudulent conveyance by the bankrupt in violation of the bankrupt act." Upon a similar case the same rule was declared in *Rayl* v. *Lapham*, 27 Ohio St. 452, where it was said: "The main purpose of the proceedings in bankruptcy is the proper distribution of the estate of the bankrupt among his creditors." Where a statute commits the administration of an insolvent's estate to a particular court, and confers upon it ample power to reach and dispose of all property of the debtor, and to make distribution among creditors, and still further provides special remedies for creditors deeming themselves aggrieved, and also makes provisions for reviewing the proceedings of the court and the officers acting under its orders, creditors must avail themselves of the provisions of that statute and apply to the court clothed with jurisdiction of the matter.

The cases of *Truitt* v. *Truitt*, 38 Ind. 16; *Pierce* v. *Wilcox*,

40 Ind. 70; *Second Nat'lBank* v. *Bank,* 14 Am. L. Reg. 281, were based upon mortgages executed prior to the adjudication in bankruptcy, and are radically different in principle from the case in hand. There is a broad distinction between the lien of a judgment and that of a mortgage; the former is general and the creature of statute, the other is specific and is created by contract. *Gimbel* v. *Stolte,* 59 Ind. 446; *Houston* v. *Houston,* 67 Ind. 276; *Duke* v. *Beeson,* 79 Ind. 24; *Evansville, etc., Co.* v. *State, ex rel.,* 73 Ind. 219 (38 Am. R. 129). If the appellant's case were that of a plain judgment lien not complicated by the fact that the property sought to be reached was in the hands of a third person under at least a paper title, the cases cited could not apply.

The case of *Reed* v. *Bullington,* 49 Miss. 223; S. C., 11 Bank. Reg. 408, is more nearly in point than any of the other cases cited, but is far from covering the question here involved, and is in many respects in conflict with the decisions of the Supreme Court of the United States. We need, however, not say more of that case than that it is not decisively in point here for the reason that there was there no question of fraudulent conveyance, while here that is one of the material elements of the case. The statute of the United States expressly invests the assignee with power to wage all litigation for the purpose of annulling fraudulent conveyances, and charges the district court with full jurisdiction and supervision of the matter, and thus makes a special provision which excludes the adoption of different remedies than those provided in the bankrupt act and denies jurisdiction to all other courts than the court vested with the control of all bankruptcy proceedings.

The right to enforce a lien created by a judgment is one which can not be executed by a sheriff's sale after an adjudication in bankruptcy, unless there has been a levy prior to the filing of the petition. *O'Harra* v. *Stone,* 48 Ind. 417; *Jones* v. *Leach,* 1 Bank. Reg. 595. This rule goes far beyond what we are required to do here, for here the right to set aside the fraudulent conveyance is vested in the assignee by ex-

press statute, and the property must be seized for the benefit of all the creditors. We can see no ground upon which such a case as that stated in the complaint can be placed consistently with the United States statutes and the decisions of the Supreme Court.

Judgment affirmed.