No. 8,945.

BALL, ADMINISTRATOR, *v.* GREEN ET AL.

DECEDENTS' ESTATES.— *Mortgage of Real Estate by Heir.—Foreclosure.—Sale of Real Estate by Administrator.*—Where an heir executes a mortgage upon the real estate inherited by him, and the same is afterwards sold by the administrator of the ancestor for the payment of debts, the mortgagee is entitled to the excess of money arising therefrom, if any, and may, by foreclosure, before the settlement of such estate, obtain an order against the administrator, requiring him to pay such excess upon the mortgage.

SAME.—*Set-Off by Administrator.—Lien.*—In such case, the administrator can not, as against the excess, set off any sum the mortgagor may owe him or such estate, as the mortgagee has a lien upon the money superior to any claim of the administrator.

From the Henry Circuit Court.

*T. B. Redding,* for appellant.

BEST, C.—Stephen B. Adams died intestate, seized of the land in the complaint described, leaving surviving him his widow and eleven children, to whom the same descended. Thereafter, Jesse Adams, one of the children and one of the appellees, mortgaged the land to Alpheus Green to secure a note of $310, dated December 10th, 1874, due in one year, with ten per cent. interest. Subsequently, the appellant, as administrator of the estate of Stephen B. Adams, sold that portion of the land which descended to the children for the

payment of the decedent's debts, after which this action was brought by Alpheus Green against Jesse Adams, Mary Adams, his wife, and the appellant, to foreclose the mortgage and to obtain an order requiring the appellant to pay upon his mortgage, after the settlement of the estate, such portion of the sum for which the interest of Jesse Adams sold, not exceeding the amount due upon the mortgage, as was not needed for the payment of the decedent's debts. It was averred that Jesse Adams was insolvent, and that the land sold for a sum largely in excess of the amount required for the payment of the debts.

Jesse Adams and Mary Adams were defaulted. The appellant demurred to the complaint, for the want of facts. The demurrer was overruled, after which he filed an answer of five paragraphs. The second was the general denial, and the others were special. Demurrers were sustained to the special paragraphs, and judgment rendered as prayed.

These several rulings are assigned as error.

The appellant insists that the action is premature. This conclusion is based upon the assumption that the proceeds of the real estate must be regarded as personal property for distribution, and as an heir can not maintain an action for his distributive share until after final settlement of the estate the appellee, who, at most, only represents an heir, can not maintain this action. These assumptions are groundless. The case proceeds upon no such theory. The sale of the land divested the mortgage, but the proceeds were bound by the encumbrance the same as though the estate had not been altered. " Where either real or personal estate upon which there is an outstanding mortgage, is turned into money, the rights of the mortgagee continue unaltered, and the court will direct the application of the money according to the rights of the parties as they existed previous to the alteration of the estate." *Astor* v. *Miller*, 2 Paige, 68 ; *Brown* v. *Stewart*, 1 Md. Ch. 87 ; *Gimbel* v. *Stolte*, 59 Ind. 446.

The proceeds of the fund being bound by the mortgage, the

action was properly brought to compel the appellant who possessed the fund to apply it upon the mortgage. The fact that the estate was unsettled formed no obstacle to the maintenance of the action. Were the appellee compelled to await such event, he might, and probably would, lose his lien. He was entitled to the order while the appellant had the proceeds in his hands, as afterward the order would be unavailing. The action was well brought and the demurrer properly overruled.

The third paragraph of the answer averred that the estate was unsettled, and that the amount to be paid to Jesse Adams was then unknown. This constituted no defence, as has been shown, and the demurrer was properly sustained to it.

The remaining paragraphs alleged matters in defence as set-offs. Some of them alleged that Jesse Adams was indebted to his father in his lifetime, and is still indebted to his estate, in a sum in excess of anything that will be due him after the payment of the decedent's debts. The others averred that Jesse Adams was indebted to the estate in the sum of $138.14 for property purchased by him at the administrator's sale, and this sum the appellant offered to set off against an equal sum arising from the sale of the land.

These several paragraphs are based upon the theory that the administrator had the right, as against the appellee, to apply any sum of money in his hands arising from the sale of such realty, and belonging to Jesse Adams, in payment of any sum that said Adams owed the estate or the administrator. No authority is cited to support this position, and we know of none. Nor do we believe it can be maintained on principle. The administrator had authority to sell this land to pay the decedent's debts, but no power to sell in order to collect a claim from the owner. After the payment of the decedent's debts, the residue of the money, if any, will belong to Jesse Adams, and its retention by the administrator will not make the estate the debtor of Adams, nor will it make the administrator such debtor except at the option of Adams. In addition to this, the appellee has a

lien upon the money that is superior to any claim of the administrator, if indeed he has any, and which was not impaired or affected by the accidental circumstances, that he had the custody of the money, and that Adams was indebted to him and to the estate. As against the appellee, in our opinion, he could not retain the money for the purpose of collecting from Adams claims due the estate. As to these, he occupied no better position than any other creditor, and as the appellee had acquired a specific lien, his claim must prevail. For these reasons, we think the demurrers to these several paragraphs of the answer were properly sustained, and that the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be, and it is hereby, in all things affirmed, at the appellant's costs.