Filed Jan. 29, 1887.

No. 12,435.

SHERWOOD, ADMINISTRATOR, *v.* THE CITY OF LAFAYETTE ET AL.

MORTGAGE.—*Eminent Domain.*—*Taking Mortgaged Property for Street.*—*Mortgagee Entitled to Damages Awarded.*—The mortgagee of land which is taken by a city for a public street is an owner within the meaning of the statute governing condemnation proceedings, and may recover from the city the damages awarded, notwithstanding the amount has already been paid to the mortgagor.

From the Tippecanoe Superior Court.

*J. B. Sherwood* and *S. P. Baird*, for appellant.

*W. C. L. Taylor*, for appellees.

ELLIOTT, C. J.—The appellant's complaint alleges that. Anna M. Arzt was, on the 12th day of December, 1870, the owner of land in the city of Lafayette ; that she and her husband executed a mortgage on the land to Solomon Roring, now deceased, and that the mortgage was recorded on the day of its execution ; that on the 20th day of August, 1879, the executor of the deceased mortgagee commenced suit to foreclose the mortgage, and obtained a decree of foreclosure ; that, on the 30th day of December, 1872, the city of Lafayette commenced proceedings to condemn part of the mortgaged land for a street, and damages were awarded to Anna M. Arzt ; that the damages awarded have never been paid, although possession of the land has been taken by the city, and that the mortgagors are insolvent.

The complaint states a cause of action. The seizure of the mortgaged premises did not destroy the validity of the mortgage or impair the rights of the mortgagee. He had a right to treat the lien of his mortgage as having been transferred to the fund created by the award. Mr. Jones correctly states the rule thus : " When the mortgaged property has been turned into money, or a claim for money in any way, as, for instance, by the taking of the property for public uses, or for the use of a corporation under authority of law, the rights of the mortgagee remain unaltered, and he is entitled to have the money in place of the land applied to the payment of his claim. Thus if a street be laid out through land subject to a mortgage, although the damages be assessed to the mortgagor, the mortgagee is entitled to them, as an equivalent for the land taken for the street." 1 Jones Mortg., section 708.

In the case of *Bank of Auburn* v. *Roberts*, 44 N. Y. 192, the court said : " The sum awarded arises from, or grows out of the land, by reason of the injury which has diminished its.

value. In equity it is the land itself." Substantially the same doctrine is asserted in *Ball* v. *Green*, 90 Ind. 75, see p. 76.

We agree with appellees' counsel, that a complaint must be framed on a definite theory, and be sufficient on that theory. *Judy* v. *Gilbert*, 77 Ind. 96 (40 Am. R. 289). We think the complaint before us conforms to these requirements. The theory of the complaint is, that the city of Lafayette has funds in its hands which, in equity, should be paid to the plaintiff, and it is good on the theory on which it proceeds. Anna M. Artz is made a party to assert her interest in the damages awarded, so that the whole controversy may be adjudicated, and it was not necessary to state what specific interest she claimed in the fund.

The third paragraph of the answer avers that proceedings were duly prosecuted for the condemnation of the land, that an award of damages was made to Anna M. Arzt, and that the award was fully paid to her before any demand was made by the appellant.

This answer is bad. The authorities, without material conflict, hold that a mortgagee can not be deprived of his lien by a condemnation of the land embraced in his mortgage. It is true, as contended by appellees' counsel, that a mortgage does not convey title to the mortgagee. *Fletcher* v. *Holmes*, 32 Ind. 497; *Favorite* v. *Deardorff*, 84 Ind. 555. But, while the mortgage does not convey title to the land, it nevertheless does convey to the mortgagee an interest in the land itself of which he can not be divested. *Lease* v. *Owen Lodge, etc.*, 83 Ind. 498; *Helphenstine* v. *Meredith*, 84 Ind. 1.

There is a clearly defined distinction between a mortgage and a judgment lien; the one is a specific lien created by contract and protected as a contractual obligation, while the other is a statutory lien, general in its character, and subject to legislative control. *Gimbel* v. *Stolte*, 59 Ind. 446; *Houston* v. *Houston*, 67 Ind. 276; *Evansville Gas-Light Co.* v. *State, ex rel.*, 73 Ind. 219 (38 Am. R. 129); *Duke* v. *Beeson*, 79

Ind. 24, p. 31; *Duncan* v. *City of Terre Haute*, 85 Ind. 104; *Blair* v. *Hanna*, 87 Ind. 298, see p. 301.

A mortgage does create an interest in the land, and the authorities declare that proceedings under the right of eminent domain can not destroy the interest it creates.

In *Severin* v. *Cole*, 38 Iowa, 463, the question was examined with care, and it was said that: "The mortgagor, it is true, holds the legal title; but the mortgagee has an equitable interest in, or right to, the mortgaged property, and under the above statute is an 'owner of the real property.'"

It was said by the court in *Parks* v. *City of Boston*, 15 Pick. 198, 203: "It has heretofore been decided by this court, and apparently upon much consideration, in the case of *Ellis* v. *Welch*, 6 Mass. R. 246, that the term 'owner' in this statute, includes every person having an interest in real estate capable of being damnified by the laying out of a street."

In *Gimbel* v. *Stolte, supra,* the doctrine of these cases was approved by this court, for it was there said: "So, where mortgaged property has been condemned for street purposes by a city, the mortgagee is entitled to be paid out of the money allowed the mortgagor as damages." The authorities give full and strong support to the doctrine. *Baltimore, etc., R. R. Co.* v. *Thompson*, 10 Md. 76; *Tide Water Canal Co.* v. *Archer*, 9 Gill & John. 479; *White* v. *Rittenmyer*, 30 Iowa, 268; *Choteau* v. *Thompson*, 2 Ohio St. 114; *Kennedy* v. *Milwaukee, etc., R. W. Co.*, 22 Wis. 581; *Philadelphia, etc., R. R. Co.* v. *Williams*, 54 Pa. St. 103; *Astor* v. *Hoyt*, 5 Wend. 603; *In the Matter of John and Cherry Streets*, 19 Wend. 659.

As said in *Severin* v. *Cole, supra:* "This rule too is equitable and just. The mortgage being of record, it was entirely practicable for the defendant, in obtaining its right of way, to give notice to the mortgagee of record, and thereby protect its own interests and those of such mortgagee or his assigns."

It is only by adopting the view of these authorities, and treating the mortgagee as an owner within the meaning of

the statute, that the statute itself can be upheld, for it is very clear upon principle and authority, that the mortgagee does own some interest in the land which can not be divested except by due proceedings under "the law of the land." *Soulard* v. *United States*, 4 Peters, 511 ; *Lease* v. *Owen Lodge, etc., supra; Helphenstine* v. *Meredith, supra.* Nor is any violence done to the language of the statute in treating a mortgagee as an owner, for, in a limited sense, he is an owner, as he has a proprietary interest in the land itself.

Judgment reversed.

Filed Jan. 29, 1887.