**Leonidas G. CONDOS, and Omega Enterprises, a General Partnership, Appellants (Defendants below),**

v.

**SUN STATE PAINTING, INC., and Jack Schweikert, Appellees (Plaintiffs below).**

No. 2–882A279.

Court of Appeals of Indiana, Second District.

June 20, 1983.

Robert A. Burns, Condos & Burns, Indianapolis, for appellants.

James S. Kowalik, Hopper & Opperman, Indianapolis, for appellees.

SHIELDS, Judge.

Leonidas G. Condos and Omega Enterprises (Condos) appeal from the grant of summary judgment in favor of Sun State Painting, Inc. (Sun State) and Jack Schweikert (Schweikert) upon a suit on a foreign judgment. The issue presented in the motion for summary judgment and on appeal is whether the Florida court had personal jurisdiction over Condos.

We reverse.

The underlying facts reveal Condos entered into a construction contract with Sun State Painting, Inc. on August 3, 1979. Sun State was to perform roofing, painting, and parking lot repair on a shopping center located in Indianapolis, Indiana. Schweikert was a Florida resident and Sun State was a Florida corporation. Condos was an Indiana resident. The contract failed to designate a place for payment. There was also a promissory note executed by Condos to Schweikert in Indianapolis on September 10, 1979. The note promised to pay $2,000.00 *in Florida* on October 8, 1979. For whatever reasons,[1] services and materials were not paid for as agreed in the contract and the promissory note was not paid.

Schweikert and Sun State brought an action against Condos in Florida on January

1. Any affirmative defenses on the substantive issues of this case are not properly before us; we are free to consider only whether Florida acquired personal jurisdiction over Condos, not whether Condos had defenses for the nonpayments. Such defenses should have been raised in the trial court where the substantive issues were being decided. This fact does not weaken or abridge Condos's right to challenge Florida's jurisdiction over him by collateral attack. It does, however, serve to show how limited the right of attack on foreign judgment is. Defendants run the risk of potentially harsh results when they choose to remain silent, banking on the other forum's lack of personal jurisdiction over them, when they know they are being sued in another forum.

15, 1980. On March 13, 1980 Condos was properly served notice.[2] Condos neither appeared nor defended. Default judgment was entered on September 3, 1980 in favor of Sun State in the amount of $1500.00 and in favor of Schweikert in the amount of $2,564.00 plus interest at 10% per annum from October 8, 1979. Suit on this foreign judgment was filed in Indianapolis, Indiana on June 3, 1981. Condos, by his answer, raised the issue of the propriety of the Florida court's exercise of jurisdiction over his person.

All foreign judgments are open to collateral attack in Indiana for lack of jurisdiction. *County of Ventura, State of Cal. v. Neice,* (1982) Ind.App., 434 N.E.2d 907. However, in assessing the attack, we apply Florida law under applicable conflicts of law theories. *Cox v. First Nat. Bank of Woodlawn,* (1981) Ind.App., 426 N.E.2d 426, 430. Further, anyone raising the jurisdictional attack must rebut the presumption in favor of the sister state's judgment's validity. *Neice.* Thus, Indiana law requires the defendant to carry the burden of proof on affirmative defenses, including lack of jurisdiction over his person. *See* Ind.Rules of Procedure, Trial Rule 8(C). *See also Tietloff v. Lift-A-Loft Corp.,* (1982) Ind.App., 441 N.E.2d 986.

The determination of Florida's jurisdiction over Condos involves a two-step analysis. First, we must determine if Florida's long-arm statute authorizes the exercise of jurisdiction over Condos. Second, we must determine if Florida's exercise of personal jurisdiction over Condos offends the due process clause of the Fourteenth Amendment. *Tietloff,* 441 N.E.2d at 988.

Schweikert and Sun State used Fla. Stat.Ann. § 48.193(1)(g) (West 1969) as the basis for Florida's jurisdiction over Condos.[3] The complaint filed in Florida alleged "Defendants breached both contracts by failing to perform acts required by the contract to be performed in Florida, to wit: Defendants failed to pay for the labor and materials as agreed and failed to pay on the promissory note when due." Record at 51. This allegation falls within the statutorily enumerated bases for jurisdiction. From that, coupled with the fact that Florida case law reveals the purpose of its long-arm statute is to permit the exercise of jurisdiction over non-residents to the extent permitted by the due process clause, *Bank of Wessington v. Winters Govt. Sec. Corp.,* (1978) Fla.Dist.Ct.App., 361 So.2d 757; *Citizens State Bank v. Winters Govt. Sec. Corp.,* (1978) Fla.Dist.Ct.App., 361 So.2d 760; *Dublin Co. v. Peninsular Supply Co.,* (1975) Fla.Dist.Ct.App., 309 So.2d 207, we conclude Florida's long-arm statute authorizes the exercise of jurisdiction over Condos. Next we must determine whether Florida's exercise of in personam jurisdiction over Condos offends the due process clause of the 14th Amendment.

Schweikert and Sun State base Florida's exercise of in personam jurisdiction solely upon the fact that the promissory note provided for payment in Florida and that, under Florida law, payment of a contract is at the creditor's residence when the contract itself is silent as to the place of payment. Therefore, Condos's failure to pay the amounts due under the promissory note and the contract constituted breaches of contract terms which were to be performed in Florida. Condos argues the obligation of payment in Florida is insufficient contact with Florida to allow Florida to exercise proper jurisdiction over him.

---

2. The record shows certified copies of proper service on Condos. Record at 58–59. Condos's affidavit averring he was "not aware of being duly served" is inadequate to rebut Schweikert's attorney's affidavit and accompanying copies of service.

3. "(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:

"(g) Breaches a contract in this state by failing to perform acts required by the contract to be performed in this state."
Fla.Stat.Ann. § 48.193(1)(g) (West 1969).

■ Personal jurisdiction may be exercised over a nonresident defendant only when there exists "certain minimum contacts" such that "the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, (1945) 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95. The test is, necessarily, fact sensitive. Among the factors considered important in applying the test is foreseeability. "But the foreseeability that is critical to due process analysis is . . . that the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, (1980) 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490.

■ We cannot find due process requirements satisfied. Schweikert and Sun State rely on *Madax International Corp. v. Delcher Intercontinental Moving Services, Inc.*, (1977) Fla.App., 342 So.2d 1082, and *Engineered Storage v. National Partitions*, (1982) Fla.App., 415 So.2d 114. In *Madax*, the court held Florida acquired jurisdiction over Madax because it allegedly breached its agreement to pay Delcher in Florida for services rendered. However, the only issue in *Madax* was whether the Florida long-arm statute authorized exercise of jurisdiction. Similarly, in *Engineered Storage*, the decision of the court is restricted to the applicability of the long-arm statute.[4]

In *Osborn v. University Society, Inc.*, (1979) Fla.App., 378 So.2d 873, the Second District addressed the second issue: whether the sole contact of an obligation to make payment on a contract in Florida meets minimum due process requirements. The *Osborn* court discussed *Madax* and agreed the statute, literally read, gave Florida jurisdiction. The court then proceeded to discuss due process and found the contact of owing payment on a contract in Florida did not, *per se*, meet due process requirements. *See also Lakewood Pipe of Texas, Inc. v. Rubaii*, (1979) Fla.Dist.Ct.App., 379 So.2d 475. Therefore, we hold the single contact of having payment due on a contract in Florida is not sufficient to satisfy minimum due process. *See also Cosmopolitan Health Spa, Inc. v. Health Industries, Inc.*, (1978) Fla.Dist.Ct.App., 362 So.2d 367. *Contra Thompson v. King* (M.D.Fla.1981) 523 F.Supp. 180.

Other state courts have reached a similar result. *Kreisler Mfg. Corp. v. Homstad Goldsmith, Inc.*, (1982) Minn., 322 N.W.2d 567; *Gladding Corp. v. Balco-Pedrick Parts Corp.*, (1980) 76 App.Div.2d 1, 429 N.Y.S.2d 940.

*Kreisler* dealt with a Minnesota jewelry store (Homestad Goldsmith, Inc.) which was solicited by a Kreisler salesperson and which ordered jewelry from Kreisler. The jewelry was shipped from Florida and payment was to be in Florida; payment was not made. The Minnesota supreme court refused to give full faith and credit to a Florida default judgment against Goldsmith. The court found insufficient contacts both in terms of quantity and quality. *Kreisler* focused particularly on the fact Goldsmith was drawn into contact with Florida; he did not initiate it.

"While courts refuse to prescribe mechanical rules in matters of jurisdiction over nonresidents, a common characteristic of defendants properly subject to jurisdiction emerges from the cases—such defendants initiated contacts with the forum, they actively sought out business in the state, they 'purposely availed' themselves of this jurisdiction. By contrast, '[t]he unilateral activity of those [forum residents] who claim some relationship

---

4. In a footnote the court in dictum does indicate its disagreement with cases from sister districts which the *Engineered Storage* court reads as *suggesting* Fla.Stat.Ann. § 48.-193(1)(g) (West 1969) might be unconstitutional if it

"is interpreted to subject a nonresident to jurisdiction of this state for a breach of con-

tract in this state without a showing of other minimum contracts . . ."

*Engineered Storage v. National Partitions*, (1982) Fla.App., 415 So.2d 114, 115 fn. 3. We are unpersuaded by the footnote and defer to the opinion of the court in *Osborn v. University Society, Inc.*, (1979) Fla.App., 378 So.2d 873 which directly addressed the issue.

with a nonresident defendant cannot satisfy the requirement of contact with the forum State.' *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. [1228] at 1239 [2 L.Ed.2d 1283]. The distinction between initiating or being drawn into contact with the forum is especially relevant in this case where, unlike most of the cases in which the jurisdictional issue arises, the nonresident defendant is the buyer and the resident plaintiff is the seller.[7]

---

[7] A nonresident buyer's potential lack of contact with the forum state is particularly apparent here where the Florida seller sent a sales representative to Minnesota to solicit business, the representative went to Homstad's Northfield store and persuaded the owners to buy, they filled out the purchase orders on the spot, and the goods were later delivered to Homstad in Minnesota."

*Kreisler,* 322 N.W.2d at 572. *Gladding,* under similar facts, applied the same analysis.

Judgment reversed and cause remanded for further proceedings not inconsistent with this opinion.

BUCHANAN, C.J., and SULLIVAN, J., concur.