L. Phillips REAMES and Carl E.
Newberry, Appellants
(Defendants Below),

v.

DOLLAR SAVINGS ASSOCIATION, Appellee (Third Party Defendant Below),

and

CommerceAmerica Banking Company; Liberty National Bank and Trust Company of Louisville; First State Bank of Pineville; Indiana First National Bank; the Title Insurance Company of Minnesota; Motel Resorts, Ltd.; and John P. Carson, (Plaintiffs Below).

No. 72A01–8708–CV–192.

Court of Appeals of Indiana,
First District.

Feb. 16, 1988.

Margarett S. Pardieck, David W. Paugh, Montgomery, Elsner & Pardieck, Seymour, for appellants.

Robert N. Hackett, Joan P. Feldman, Robert N. Hackett & Associates, Pittsburgh, Pa., Kathryn L. Pry, Mapother and Mapother, Jeffersonville, for appellee.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

L. Phillips Reames and Carl E. Newberry appeal a Scott Circuit Court order dismissing their third party complaint against Dollar Savings Association for lack of personal jurisdiction. We affirm.

## FACTS

Reames and Newberry are the original general partners in Louisville Inn, Ltd., a Georgia limited partnership. In January of 1985, Dollar Savings, a Pennsylvania institution, made a loan to Louisville Inn. As security for the loan, Louisville Inn was to assign unconditionally to Dollar certain investor notes. Dollar took as additional security a second mortgage on certain real estate located in Indiana. The contract was negotiated in Pennsylvania and, except for a brief visit to the real estate by Dollar's representatives, all aspects of the contract took place outside of Indiana.

Louisville Inn subsequently entered into numerous agreements with Motel Resorts

and John Carson pursuant to which Louisville Inn was to make payments to Motel Resorts. The agreements were secured by a third mortgage on the same parcel of Indiana property. As part of the transaction, Reames and Newberry gave Motel Resorts a guaranty of payment. The guaranty provided that absent any default by Louisville Inn, Motel Resorts would surrender and cancel the guaranty either upon payment in full or upon release of Dollar's second mortgage on the property, whichever occurred first.

In October of 1985, Dollar and Louisville Inn entered into an agreement pursuant to which Louisville Inn was to pay Dollar $250,000 and deliver to Dollar $762,500 in investor notes. Dollar agreed that within five days after such payment and delivery of the notes, it would release its second mortgage on the Indiana real estate.

On August 8, 1986, Motel Resorts, John Carson and their assignees filed an action in Clark Superior Court[1] against Reames and Newberry after Louisville Inn defaulted on its obligations. Reames and Newberry filed a third party complaint against Dollar for money damages resulting from Louisville Inn's exposure to liability to the original plaintiffs under the guaranty. Reames and Newberry claimed that Dollar wrongfully refused to release the second mortgage following delivery of the investor notes and that this refusal resulted in potential liability to Motel Resorts, Carson and their assignees under the guaranty. Dollar filed a motion to dismiss the third party complaint pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(2) for lack of personal jurisdiction. The motion was granted following a hearing, and this appeal immediately followed.

### ISSUE

Reames and Newberry present a single issue for our review:

Did the trial court err in granting Dollar's motion to dismiss the third party complaint for lack of personal jurisdiction?

1. The case was later venued to Scott Circuit

### DISCUSSION AND DECISION

In determining whether an Indiana court has personal jurisdiction over a nonresident defendant, we use a two-step analysis: 1) Does the Indiana long-arm statute authorize the exercise of jurisdiction over the nonresident? 2) Would the exercise of personal jurisdiction pursuant to the long-arm statute violate the nonresident's due process rights under the Fourteenth Amendment to the United States Constitution? *See Bryan Mfg. Co. v. Harris* (1984), Ind. App., 459 N.E.2d 1199. The burden of proving the existence of personal jurisdiction is on the party claiming personal jurisdiction if challenged, as it was in this case, by a motion to dismiss. *Nu–Way Systems v. Belmont Marketing, Inc.* (1980), 7th Cir., 635 F.2d 617, 619, n. 2.

■ Reames and Newberry first contend that Dollar submitted itself to the jurisdiction of the courts of this state pursuant to Indiana's long-arm statute, which provides as follows:

(A) *Acts Serving as a Basis for Jurisdiction.* Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or his agent:

(1) doing any business in this state;

(2) causing personal injury or property damage by an act or omission done within this state;

(3) causing personal injury or property damage in this state by an occurrence, act or omission done outside this state if he regularly does or solicits business or engages in any other persistent course of conduct, or derives substantial revenue or benefit from goods, materials, or services used, consumed, or rendered in this state;

(4) having supplied or contracted to supply services rendered or to be ren-

Court.

dered or goods or materials furnished or to be furnished in this state;

(5) owning, using, or possessing any real property or an interest in real property within this state; or [sic]

(6) by contracting to insure or act as surety for or on behalf of any person, property or risk located within this state at the time the contract was made; [or]

(7) living in the marital relationship within the state nonwithstanding subsequent departure from the state, as to all obligations for alimony, custody, child support, or property settlement, if the other party to the marital relationship continues to reside in the state.

Ind.Rules of Procedure, Trial Rule 4.4(A). Reames and Newberry specifically assert that Dollar's second mortgage on the Indiana real estate constitutes an interest in real estate under T.R. 4.4(A)(5).

In Indiana, a mortgage is a lien—a mere security for the debt. The mortgagee has no title to the land mortgaged, *Oldham v. Noble*, 1946, 117 Ind.App. 68, 66 N.E.2d 614, although for some purposes, such as eminent domain, the mortgage may be considered to confer upon the mortgagee an interest in the land itself. *Sherwood, Administrator, v. City of Lafayette*, 1887, 109 Ind. 411, 10 N.E. 89, 58 Am.Rep. 414.

*Indiana Dept. of State Revenue v. Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415, 418. Our courts never have been called upon to determine whether a mortgage is an interest in real property under T.R. 4.4(A)(5). Reames and Newberry rely on *Long v. Baldt* (1979), D.S.C., 464 F.Supp. 269, for their argument that a mortgagee's interest rises to such a level. In *Long*, the trust beneficiaries brought an action against nonresident trustees for allegedly mismanaging trust assets. The plaintiffs sought to bring the defendants under South Carolina's jurisdiction based on the defendants' mortgage on a certain piece of trust property located in that state. In *Long*, however, the mortgagees also were trustees and therefore were legal owners of the South Carolina property. The property was an integral part of the

scheme of mismanagement and therefore went to the very core of the cause of action. The court was careful to indicate that the mere presence of the property in the state, absent its relation to the cause of action, would be insufficient to sustain jurisdiction. *Id.* at 272. Thus, in *Long* the property itself figured predominately in the cause of action. We therefore are unconvinced that *Long* supports the general proposition that a mortgage is a sufficient interest in property under T.R. 4.4(A)(5) when the property is not the basis of the action.

■ Even assuming that Dollar's interest was sufficient under our long-arm statute, Dollar must be found to have contacts with the State of Indiana sufficient to satisfy the due process clause of the Fourteenth Amendment. Under the standard as elucidated by the United States Supreme Court in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, the defendant must have certain minimum contacts with the state so that the maintenance of a suit in that state does not offend "traditional notions of fair play and substantial justice."

A mechanical or quantitative evaluation of a defendant's activities in a state cannot resolve the question of the reasonableness of the exercise of personal jurisdiction. Rather, it depends upon the quality and nature of the defendant's activity in relation to the matter under litigation. *Hutson v. Fehr Bros.*, (8th Cir.1978) 584 F.2d 833 (construing Arkansas law). The facts of each case must be weighed. At a minimum, the court must find 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Hanson v. Denckla* [,] (1958) 357 U.S. 235, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283. The inquiry focuses not only upon the quantity, quality and nature of the defendant's activities but also upon the relationship of those activities and the forum. *Rush v. Savchuk* [,] (1980) 444 U.S. 320, 100 S.Ct. 571, 62 L.Ed.2d 516; *Kulko v. California Superior Court[,]* (1978) 436 U.S. 84,

98 S.Ct. 1690, 56 L.Ed.2d 132; *Shaffer v. Heitner* [,] (1977) 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683. The focus is on the defendant's activities within the forum state, not on those of the plaintiff. *World Wide Volkswagen v. Woodson* [,] (1980), 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490.

*Bryan Mfg. Co., supra* at 1202 (*quoting Teitloff v. Lift–A–Loft Corp.* (1982), Ind. App., 441 N.E.2d 986, 989).

Reames and Newberry assert that Dollar had sufficient minimum contacts with Indiana based on its second mortgage on the Clark County real estate.

The presence of property in a State may bear on the existence of jurisdiction by providing contacts among the forum State, the defendant, and the litigation. For example, when claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have jurisdiction. In such cases, the defendant's claim to property located in the State would normally indicate that he expected to benefit from the State's protection of his interest.

*Shaffer v. Heitner* (1977), 433 U.S. 186, 207, 97 S.Ct. 2569, 2581, 53 L.Ed.2d 683. However, when claims to the property are not the underlying source of the controversy, the presence of the property alone will not support the state's jurisdiction. Therefore, unless other ties with the state exist, the case cannot be brought in that forum. *Shaffer*, 433 U.S. at 209, 97 S.Ct. at 2582.

Pursuant to an agreement entered into in January of 1985, Louisville Inn gave Dollar a second mortgage as additional security for a loan. The parties entered into another agreement in October, however, which formed the basis for Reames and Newberry's third party complaint. When Dollar allegedly failed to release the mortgage, as required by the October agreement,

Reames and Newberry sought money damages from Dollar because of their resulting exposure to personal liability to other creditors. Reames and Newberry sought no action regarding the January contract. They sought no determination regarding either the ownership of the land or the rights and responsibilities of the parties under the mortgage instrument itself. Although the nonrelease of the mortgage may have been a catalyst leading to Reames and Newberry's decision to file a third party complaint, the mortgage itself was not the basis of the claim. In addition, the contract was negotiated and executed in Pennsylvania, and Dollar's only action in Indiana regarding the mortgage was a brief visit to the Clark County property which lasted a couple of hours.

Reames and Newberry rely on *Bryan Mfg. Co. v. Harris, supra*, in arguing that as a mortgagee of Indiana property, Dollar became entitled to all of the rights and privileges this state affords to mortgagees under its recording and foreclosure laws, and as such, it cannot deny minimum contacts in an attempt to avoid the responsibilities of a mortgagee in this state. We are mindful, however, that the due process test is "necessarily, fact sensitive." *Condos v. Sun State Painting, Inc.* (1983), Ind.App., 450 N.E.2d 86, 89. In *Bryan Mfg.*, the plaintiff filed an action for specific performance of a contract to purchase Indiana real estate. The underlying source of the controversy was the land itself and the nonresident purchaser therefore was held to have contacts sufficient to satisfy the due process test. We believe the *Bryan Mfg.* case is distinguishable.[2] As previously discussed, Reames and Newberry's action was predicated upon the October agreement and basically was an action for indemnity based on exposure to liability to other creditors. Reames and Newberry sought no action regarding the January contract or the second mortgage itself.

---

**2.** Reames and Newberry also rely on *Dwyer v. District Court, Sixth Judicial Circuit* (1975), 188 Colo. 41, 532 P.2d 725, as a basis for holding that Dollar had contacts sufficient to subject itself to Indiana's courts. In *Dwyer,* the Colorado Supreme Court held that its courts had personal jurisdiction over a nonresident defendant who contracted to purchase Colorado real estate from a Colorado resident and then breached that contract. We find *Dwyer* to be factually distinguishable, however, as the land itself was the subject of the cause of action.

Dollar's only contact with Indiana was the second mortgage and the release of that mortgage was only tangentially related to the cause of action. We therefore conclude that Dollar did not purposely avail itself of the benefits and protections afforded by Indiana law to such an extent as to reasonably foresee being brought into our courts to defend against Reames and Newberry's claim for money damages. Thus, the trial court properly dismissed the case for lack of personal jurisdiction.

Affirmed.

STATON, J., concurs.

ROBERTSON, J., dissents with separate opinion.

ROBERTSON, Judge, dissenting.

I respectfully dissent from the majority opinion because, in my opinion, the interpretation of the phrase "interest in real property" as it is used in T.R. 4.4(A)(5) is too narrow. The purpose of adopting a "long arm" statute is to extend to the maximum the ability to obtain personal service on non-residents with the limitation that such personal jurisdiction comports with the 14th Amendment due process requirements described in *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. *See* 1 *Harvey, Indiana Practice*, Rule 4.4 at p. 123.

Since T.R. 4.4(A)(5) places no restriction on the type of interest in real property necessary to obtain personal jurisdiction the lien aspect of a mortgage referred to in *Indiana Department of State Revenue et al. v. Colpaert Realty Corp.* (1952), 231 Ind. 463, 109 N.E.2d 415 is adequate when considered in the context and purpose of the rule.

Additionally, I am of the opinion that the quote in the majority opinion from the case of *Shaffer v. Heitner* (1977), 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683, provides a proper foundation for both the letter and spirit of T.R. 4.4(A)(5) and its future application in this jurisdiction.